Young *et al.*, Plaintiffs in Error, *v.* Croughton *et al.*, Defendants in Error.

1. Under the new code, one defendant is not a competent witness for his co-defendant.

*Error to St. Louis Circuit Court.*

This was an action to recover possession of twenty feet of ground in the town of Lagrange, begun against Robt. Croughton, April 25, 1851. The plaintiffs claimed title under a deed of trust executed by said Croughton to Charles Gregory, as trustee, dated July 19, 1849, and recorded September 24, 1849. They became the purchasers at the sale under the deed of trust, and received a conveyance from the trustee, which was duly acknowledged and recorded.

Thomas C. Reveley, claiming to be the landlord of Croughton, on his motion, was made a party defendant. The defendants set up in their answer that, on the 16th of October, 1848, Croughton executed a deed to said Reveley and one Mitchell, by which he attempted and designed to mortgage, among other

property, the lot in controversy ; but that by mistake, it was described in the deed as the south part of lot 76 in Lagrange, instead of 96, as it should have been ; that Reveley had paid the debt against which the mortgage was given as an indemnity. The defendants also set up a sheriff's deed to Thomas L. Anderson, dated May 24, 1850, and a deed from Anderson to Reveley, dated February 26, 1851. The sale at which Anderson became the purchaser took place on the 19th of October, 1848, under certain executions against Croughton, from the Marion Circuit Court. The answer charged that Gregory had notice of the mortgage, but did not charge the *plaintiffs* with notice of either the mortgage, or of the sheriff's deed to Anderson.

At the trial, the mistake in the mortgage was proved by Robert Croughton, one of the defendants, to whose competency as a witness, the plaintiffs objected. They also objected to his testimony.

The plaintiffs asked the following instructions, which the court refused to give :

1. If it appear from the evidence in this cause, that the deed read in evidence, purporting to be the deed of Croughton to Gregory, is the genuine deed of Croughton, and that the deed read from Gregory to the plaintiffs is the genuine deed of Gregory for the property in controversy, the plaintiffs are entitled to a verdict for the said property, unless it shall appear from the evidence that the plaintiffs, at the time of their said purchase, either had actual notice themselves, or that Gregory had notice, at the time of the execution of the deed of trust, of the existence of the said sheriff's deed to Anderson, or unless it shall appear that the plaintiffs, at the time of their said purchase, either had notice themselves or had notice that Gregory had notice that said deed of mortgage existed, and of the mistake therein.

2. That, unless it appear from the evidence that the plaintiffs, at the time of their purchase of the property in question, either had notice of the fact of the sale of the property in ques-

tion on execution to T. L. Anderson, before the conveyance of the same to Gregory by Croughton, or had notice that Gregory had received such notice, the said conveyance to Anderson will not affect the title of the plaintiffs.

The plaintiffs then suffered a nonsuit, and, after an unsuccessful motion to set the same aside, bring the case to this court by writ of error.

*J. D. S. Dryden*, for plaintiffs in error. 1. The mortgage, if there was a mistake in it, could only be reformed on a direct application, and not in a collateral proceeding. *Fitzhugh* v. *Runyon*, 8 J. R. 375. *Wesley* v. *Finney*, 3 Randolph's Rep. 361. 2 Blackf. Rep. 426. *Pattison* v. *Hall*, 9 Cowen, 747. 2. Croughton was an incompetent witness. A party may, under the new practice, call his adversary as a witness, but the rule does not allow a defendant to call his co-defendant. 3. The court erred in refusing the instructions asked by plaintiffs.

*Green, Glover & Campbell*, for defendants in error. 1. It is not material whether the proceeding is directly to correct the mistake or whether it is set up by way of defence. *Leitensdorfer* v. *Delphy*, 15 Mo. Rep. 161. The new code permits both legal and equitable defences. 2. Croughton was a competent witness. If this were a bill in chancery under our former system of practice, he would clearly be competent. The present system only dispensed with *forms*, and was not designed to interfere with the *substantive rights* of parties litigant. It has been decided that a mere formal party, standing indifferent to the real parties in interest, may be examined as a witness. *Block* v. *Chase*, 15 Mo. Rep.

RYLAND, Judge, delivered the opinion of the court.

1. We deem it necessary in this case, to notice one point only ; that is, the competency of Croughton as a witness for his co-defendant, when offered by that defendant. There is

nothing else in the record requiring our interference. It is a well settled rule of evidence, that one defendant cannot be permitted to testify for his co-defendant touching the matters in controversy. He cannot be called to the witness stand by his co-defendant, nor will he be permitted to testify on his own motion voluntarily. This point was so ruled by this court, in the criminal case of *State* v. *Ward*, 15 Mo. Rep. Had the plaintiffs called on the defendant to testify, then he would, under the new code, have been a competent witness. " A party to an action may be examined as a witness, at the instance of the adverse party, or of any one of several adverse parties, and for that purpose may be subpœnaed or otherwise compelled to attend and testify," &c. See New Code of Practice, art. 24, §11. But there is nothing in this code authorizing the party to become a witness for himself, or for a co-defendant or co-plaintiff, at his own suggestion.

The rule in cases where you wish to use the evidence of a co-defendant is, to proceed with the trial, and if there be no evidence against the defendant, move. the court to direct the jury to pass on the case, so far as regards the defendant intended to be used as a witness ; after verdict in his favor, he may be a witness.

The court erred in this case, in permitting Croughton to give evidence for his co-defendant, and for this error the judgment below must be reversed and the cause remanded, the other judges concurring.