Young *et al.*, Plaintiffs in Error, v. Smith *et al.*, Defendants in Error.

1. Courts may regulate in their discretion the order in which testimony shall be received; hence it is not error to refuse to permit a plaintiff to read to the jury as evidence in chief portions of a deposition taken by himself, and to reserve the remainder as rebutting testimony.
2. Great latitude is allowed in the cross-examination of witnesses.
3. In a suit against A. and B. as partners, the declarations of A. are inadmissible in behalf of B. to disprove the partnership alleged.
4. Persons may be held liable as partners to third persons, though not as partners as between themselves.

*Error to Jackson Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Hovey*, for plaintiffs in error.

I. The Circuit Court ought to have permitted the plaintiffs to read a part of Smith's deposition in chief, and to reserve a part as rebutting evidence, because the portion sought to be read was strictly evidence in chief, and the portion sought to be reserved was strictly rebutting evidence, and not necessary

to the narrative of the witness. (1 Greenl. Ev. secs. 51 and 52; R. C. 1845, tit. Depositions, sec. 29, p. 419; Calhoun v. Hays, 8 Watts & Sarg. 130.)

II. The court below ought to have stricken out all that part of the cross-examination of C. M. Smith commencing at the sixth interrogatory, and from thence to the end of his deposition, because the same was neither a legal cross-examination nor competent evidence in chief for the defence. (1 Greenl. Ev. sec. 448–9.)

III. The acts and conversations of Smith and Huffaker, between themselves or others, were incompetent evidence when offered in defence, because the same were neither a part of the *res gestæ*, nor facts of which third persons were presumed to have notice. (Story on Partnership, sec. 63; Winship v. U. S. Bank, 5 Peters, 529; Allen v. Duncan, 11 Pick. 308; Woods v. Clark, 24 Pick. 35.) The defendants could not be witnesses for each other, therefore their unsworn statements, as introduced by defendants, are only the more illegal. (1 Greenl. sec. 329.)

IV. The court below ought to have given the first instruction asked by plaintiffs.

V. The court below ought to have given the ninth and tenth instructions asked by plaintiffs. (Story on Partnership, sec. 63; Dennistown et al. v. Debuys et al. 9 Mart. 26.)

VI. The court below erred in giving the second instruction asked by defendants, because the same is argumentative, and permits the jury to discard evidence upon their own private prejudices outside of the testimony. (2 Starkie Ev. 686; 1 Greenl. Ev. secs. 34, 35.)

*Napton*, for defendants in error.

I. To determine the order in which testimony shall be received is within the discretionary regulation of the Circuit Court, and unless some manifest injustice has resulted from the exercise of this discretion the Supreme Court will not interfere. It is not easy to see how the merits of this case could have been affected one way or the other by the order

in which the depositions or portions of them were read. (Rucker v. Eddings, 7 Mo. ——.)

II. There was no error in refusing to strike out the cross-examination of Smith. Such examinations are designed to question the veracity or memory or honesty of the witness, or explain or modify or refute his statements, and the greatest latitude is allowed and extraneous and collateral inquiries may be made, subject to the restriction that a matter entirely foreign to the issue can not be inquired into merely with a view to contradict what the witness may testify to on such collateral matter. (1 Greenl. Ev. sec. 448–9; 2 Phil. Ev. p. 726, 733.)

III. The testimony for defendants in relation to the acts and sayings of Huffaker and Smith were legitimate proof. 1st. They constituted the *res gestæ*, and apart from the fact that Smith was a party to the suit, and viewing him as a mere stranger, his acts and declarations were evidence for Huffaker. The material question in this case was, whether a partnership existed between Smith and Huffaker. This was affirmed on one side and denied on the other. The acts of Huffaker and Smith during the period of the alleged partnership, in the course of the trade in which they were certainly engaged, and the declarations of either explanatory of those acts, and cotemporaneously made with them, are evidence. They are verbal acts. (1 Greenl. Ev. secs. 108, 109; ib. sec. 171. This is the law of this court: Nolle v. Callaway Co. 11 Mo. ——; Turner v. Belden, 9 Mo. ——. This is the law of Pennsylvania: Saltmars v. Tompkins, 14 Serg. & Rawl. 280; and of Alabama — Tompkins v. Reynolds, 17 Ala. 109; Thomas v. De Graffanied, 17 Ala. 602; 10 Ala. 430; 16 Ala. 318; 8 Ala. 650; 17 Ala. 362; Hooper v. Edwards, 20 Ala. 582; and of New Hampshire — Plumer v. French, 2 Foster, 450; and of Connecticut — Comins v. Comins, 21 Conn. 413; Russell v. Frisbe, 19 Conn. 205; and of Vermont—White v. Morton, 22 Verm. 15; 7 Wash. ——; Holbrook v. Murray, 20 Verm. 525.) 2d. These acts and declarations were legitimate as rebutting testimony.

(Foster & F. v. Nowlin, 4 Mo. 24; Wilson's Adm'r v. Owens, 5 ib. 40; Wheaton v. Weld, 9 Humph. 773.) 3d. They were legitimate to impeach the witness Smith, who was also a party, and adverse to his co-defendant in fact; (see 1 Greenl. sec. 462;) and even if improperly admitted, they are no ground for reversing the judgment on the last head.

IV. The ninth and tenth instructions asked by plaintiffs and refused by the court raise the same point as the motions to exclude evidence in the progress of the trial, and therefore have been considered already.

V. The first instruction asked by plaintiffs was rightly refused. It was either an abstraction outside the case, or it was calculated to mislead the jury. It was virtually telling them that whatever opinion they might entertain about a secret partnership between Huffaker and Smith (which, as the court will see, was the only point in dispute,) they would still find for plaintiffs. In short, this instruction assumed as a conceded fact a matter about which there was no proof, viz., that Huffaker held himself out to the world as a partner; thus shifting the entire basis of the controversy.

VI. Instruction No. 2, given for defendants, is unobjectionable, as will appear from inspection.

VII. There is nothing in the point relative to newly discovered testimony.

VIII. Smith was not a competent witness. The case of Rich v. Hasson, 4 Sanf., N. Y., 115, under a similar statute, has so decided.

RYLAND, Judge, delivered the opinion of the court.

We do not perceive what injury the plaintiffs below received by the court's overruling their motion to be permitted to read only certain portions of the deposition of the defendant Smith, which the plaintiffs had taken, to the jury as evidence in chief, and afterwards to be permitted to read the balance of the deposition as rebutting testimony. We will not interfere in the discretionary determination of the lower

court, in such matters, especially where no injury appears to follow to either party. To say the least of this objection to the ruling of the court below, it is captious, and we give countenance to no such practice. The plaintiffs may begin their evidence at either end of the case ; but when they offer a deposition and the court holds the same to be legal evidence, then the court may refuse with great propriety to let them pick out and read certain portions at one time, and other portions at a different stage of the trial, to gratify the whim or taste of their counsel.

As to the plaintiffs' second point about the cross-examination of Smith, we do not see how the overruling their motion to strike out certain parts of this deposition can injuriously affect them. Smith was their witness. They gave sanction to his veracity by taking his deposition ; and although the plaintiffs are bound, in proof of their case, to confine themselves to evidence relevant to the matters in issue, and the defendants restricted to the same, yet in cross-examinations questions as to collateral facts are often allowed ; nor is the rule confining the proof to the allegation strictly followed in cross-examinations, but great latitude of interrogation is permitted at times. In Lawrence v. Baker, 5 Wendell, 305, Savage, Ch. Justice, in delivering the opinion of the court, said : " A witness is not to be cross-examined to a distinct collateral fact for the purpose of afterwards impeaching his testimony by contradicting him." (1 Starkie, 134.) There may be cases where great latitude of examination may be permitted, arising from disposition, temper and conduct of witnesses, which can be regulated only by the discretion of the court, and for which it is difficult to lay down a precise rule. We will not therefore disturb the judgment for the overruling of this motion.

The third point taken by the counsel for the plaintiffs in error is fatal to the judgment below. This was a suit against Smith and Huffaker—the plaintiffs contending that Huffaker was a partner. Now it is often the case that the conduct of persons makes them stand liable to third parties as partners,

when in reality between themselves there is no partnership. In this case the main question in controversy is, not whether Smith and Huffaker were in reality partners trading and doing business as merchants under the name of " C. M. Smith," but whether they so acted, so carried on the business, as to induce third persons to look upon them as partners, to consider them as partners, and trade with them as partners. " There is a just and marked distinction between partnership as respects the public and partnership as respects the parties; and a person may be held liable as a partner to third persons, although the agreement does not create a partnership as between the parties themselves. Though the law allows parties to regulate their concerns as they please in regard to each other, they can not by arrangement among themselves control their responsibility to others; and it is not competent for a person who partakes of the profits of a trade, however small his share may be, to withdraw himself from the obligations of a partner." (3 Kent's Com. 32.) Therefore, when the plaintiffs sued these defendants, it was not competent for them to give in evidence the declarations of Smith that Huffaker was not his partner. Judgment by default had been taken against Smith. Huffaker answered— denied the partnership, the execution of the note sued on, and his liability for the goods. Upon the trial, ·Huffaker's administrator (he having died after filing his answer) offered in proof the declarations of Smith. These were admitted against the objection of the plaintiffs. These declarations were not made in presence of these plaintiffs, but were in their absence. The court erred in receiving them. They were incompetent; they can not be considered as *res gestæ*, as verbal acts. Such testimony would enable a crafty set of men to carry on an extensive operation as partners to the world, but when preparation was about to be made necessary to a failure, then one might withdraw with all the funds and stock, and honest, confiding creditors be met with the assertion " that they never were partners; that there was no partnership," and prove it when sued for their just demands by

declarations made to and about each other during the time they were seemingly engaged as partners. No such declarations should have been received.

The fourth point made is settled by repeated decisions of this court since the new code of practice. (Rice v. Morton, 19 Mo. 279; 17 Mo. 367; Young et al. v. Croughton et al. and Rankin v. Harper, 23 Mo. 587.)

The fifth point regards the first instruction asked for by the plaintiff. " 1st. This being a suit between Thomas Young and others, as plaintiffs, and Constantine M. Smith, and Chas. H. Thornton as administrator of Francis M. Huffaker, deceased, defendants, the jury are not called upon in this suit to settle the matter between said Smith and Huffaker as to whether they were partners or not as between themselves. 9th. All evidence offered by defendants of the admissions of said Smith and Huffaker, or either of their statements to one another as to third persons, when not made in the presence or hearing of plaintiffs, is not competent as against the plaintiffs, and the jury will find accordingly. 10th. The private arrangements or contracts of Smith and Huffaker, offered in evidence on the part of the defendants, or either of them, to which plaintiffs were neither party nor privy, are not competent evidence as against the plaintiffs to disprove the partnership of said Smith and Huffaker."

The refusal of the court to give this instruction we consider was improper. The court ought to have so instructed the jury. It was necessary to place them in possession of the true nature of the case they were trying. They were not trying or settling the question of partnership between Smith and Huffaker so far as they were alone concerned, but whether the facts in proof were not sufficient under proper legal instructions to consider them partners as regarded the rights of third persons. This was error.

The sixth point relates to the ninth and tenth instructions above copied. The substance of these instructions ought to have been given. The ninth has an awkward conclusion which had better have been omitted, and to the tenth there is no legal objection.

The seventh point, that the court erred in giving the second instruction for the defendants, has nothing in it, and the eighth point only regards the newly discovered evidence, which was not sufficient to authorize the granting of a new trial. It is but cumulative. These are all the grounds relied on here by the plaintiffs' counsel for a reversal of the judgment below, and we have disposed of them in a short and rapid sketch.

The defendants below contend that Smith was not a competent witness for plaintiffs. He is made so under the 11th section of the new code, art. 24. In looking over the whole case, we come to the conclusion that the court below committed error in admitting Smith's declarations, that Huffaker was not his partner, to be given as evidence before the jury. It also erred in refusing the first, ninth and tenth instructions asked for by plaintiffs. The judgment must therefore be reversed, and cause remanded for further proceedings; Judges Scott and Leonard concurring.

*Napton*, for defendants in error.