CLARK *et al.*, Defendants in Error, v. HUFFAKER'S ADMIN-ISTRATOR, Plaintiff in Error.

1. In an action against A. and B. as partners, the declarations of A. are inadmissible in behalf of B. to disprove the partnership alleged; nor, where B.'s declarations are resorted to in such case to prove the partnership as against him, can he disprove such declarations by declarations of a contrary character made by himself.

*Error to Jackson Circuit Court.*

This was an action upon two promissory notes against C. M. Smith and Charles H. Thornton, administrator of F. W. Huffaker, deceased. The notes were alleged to have been executed by Smith and Huffaker as partners, under the name and style of "C. M. Smith." Default was taken against Smith. Thornton answered. To show that Huffaker was a partner of Smith, plaintiffs introduced in evidence declarations made by said Huffaker. To disprove the alleged partnership defendant offered in evidence declarations made by Smith and Huffaker. They were rejected by the court. The jury found a verdict for plaintiffs.

*Adams*, for plaintiff in error.

I. The plaintiff had a right to prove that Huffaker was a

partner of Smith by his declarations or admissions. The defendant surely had the right to rebut this proof by showing that Huffaker did not hold himself out to the world as partner. The articles of agreement between Huffaker and Smith and the power of attorney from Smith were the best evidence that could be adduced to show the relation between them. His acts and declarations were admissible in rebuttal. If this evidence is not admissible it is difficult to perceive how a party could protect himself. An allegation of partnership is made; a witness is suborned to testify to declarations tending to show that he has held himself out to the world as a partner. Can he not disprove this by showing that he was merely a clerk, and that his conduct and that of his employer, and *their* acts and declarations explanatory of those acts, made contemporaneously with them, were consistent with the true position he occupied, and tended to show that he did not hold himself out as partner? To admit such evidence is not permitting a party to make evidence for himself. There is no pretence that any representations were made to the plaintiff. (1 Esp. 29; 2 H. Bl. 235; 1 B. & Ad. 128; 7 B. Mon. 457; 8 Ala. 560; 1 Moody & Rob. 9.)

*Hovey*, for defendant in error.

I. The court did not err in rejecting the testimony offered in behalf of defendant. (3 Watts, 105; Gow on Part. 198; Story on Part. § 64, 84; Young v. Smith, 25 Mo. 341; 1 Greenl. Ev. § 110.)

SCOTT, Judge, delivered the opinion of the court.

It is not easy to perceive any principle which makes the acts or declarations of Smith evidence for Thornton, the administrator of Huffaker. If two are jointly sued, where is the rule which allows the acts or declarations of one to affect the other before there is first established some privity between them by contract, by crime, or in law. So far from any thing like that being the case here, the declarations of one party to the suit are offered to show that there was no such relation

between him and his co-defendant as would make his declarations evidence. If two are sued as partners, can the declarations or conduct of one be given in evidence for the other before the fact of the partnership is established ? Smith's declarations and conduct may affect himself, but on what principle are they evidence for one who uses them for the very purpose of showing that there was no such relationship between him and Smith as would authorize Smith by a verbal act or any other kind of act to affect him ? How is the objection answered by saying that Smith's declarations are part of the *res gestæ?* By whom were the *res gestæ* performed ? If by any one, certainly by Smith. How can Smith by his declarations make evidence for another, not as against himself but as against a stranger ? The objection to the evidence is, that it is an unsworn declaration, which can only be evidence against the party making it, or one who is in privity with him by law, by contract, or by crime ? So far from any privity existing between these parties, the evidence is offered to show that there was none. It is just the same case as if the unsworn declarations of any other person were offered to prove a fact. Ordinarily, if two parties are wrongfully joined in an action as defendants, and one wants the evidence of the other, the co-defendant's defence is submitted to the jury, and if they find for him he is then sworn as a witness. When this cause was tried, the act supplementary to the act concerning witnesses, approved 12th February, 1857, was in force. (Sess. Acts, 1857, p. 181.) That act allows a defendant to examine his co-defendant. If our act is to receive the construction of the New York statute from which it was copied, it would seem that in this case Thornton might have had Smith sworn as a witness. (Voor. N. Y. Code, § 3, p. 400.) What right had he then to use, as evidence, his declarations ? But if he had no right to make a witness of him, it does not follow that his unsworn declarations must have been evidence.

Thus much as to Smith's acts and declarations as evidence for his co-defendant; now as to the acts of Huffaker. Smith

and Huffaker's administrator were sued for a partnership debt alleged to have been contracted by Smith and Huffaker. Smith admitted his indebtedness, and there was an abundance of testimony showing the liability of Huffaker as his partner. When partners sue as plaintiffs, their articles of co-partnership, or their acts and their declarations of each other as partners, in connection with the business, may be given in evidence in their favor to prove their partnership. (Gilbert v. Whidden, 20. Maine, 367.) There is no other way of establishing the fact of a partnership. But we consider it a different matter, when persons are sued as partners and a full case is made out against them, that they should be permitted by their acts and declarations to disprove the case thus made. Under some circumstances when a witness states a fact and an attempt is made to discredit him, it may be shown that he has always been consistent in his averments in relation to that fact. But when it is sought to bind a party by his declarations and admissions, and such declarations and admissions are produced in evidence against him, it is not competent to him to show that he made at other times declarations of a contrary character. A party's declarations may be evidence against him but not for him. Let the judgment be affirmed.