KEIM & McMILLAN HARDWARE COMPANY, Appellant, v. L. WILLIAMS et al., Respondents.

Springfield Court of Appeals, April 3, 1911.

1. PARTNERSHIP: Withdrawal from Firm: Sufficiency of Evidence. Respondent Hearne was a member of the firm of Williams & Hearne and purchased goods from appellant. Respondent claimed that he subsequently withdrew from this firm. A new firm was organized under the name of Williams Sons & Company, and this firm also purchased goods from appellant, and upon which latter account appellant brought suit, including respondent as a defendant, and alleging that respondent continued to be a member of the firm under the new name. The evidence is examined and *held* by NIXON, P. J., not sufficient to show respondent's connection with the new firm. COX and GRAY, JJ., are of the opinion that the evidence was sufficient to take this question to the jury, but agree to affirmance of judgment because of defective abstract.

2. ———: ———: Credit Extended to New Firm: Duty of Partner to Give Notice of His Withdrawal. Respondent Hearne was a member of a co-partnership of Williams & Hearne. This firm purchased goods from appellant. Later respondent withdrew from this firm and a new co-partnership was organized under the name of Williams Sons & Company, which firm also purchased goods from appellant, upon which subsequent account appellant brought suit, including respondent as a defendant and claimed respondent had never given any notice of his withdrawal from the firm. *Held*, that credit had been extended to the new firm and that respondent was not required to notify appellant that he was not a member of the new firm.

3. ———: ———: **Duty to Give Notice of Withdrawal: Liabili-ty for Subsequent Debts.** A retiring member of a partnership will continue liable to former dealers for the firm's subsequent obligations contracted in the name of the old firm, until such previous dealers have actual knowledge of the dissolution of the firm and the retirement of the partner.

4. ———: ———: ———: **Estoppel.** The liability of the re-tiring partner for subsequent purchases by the old firm where the retiring partner failed to give notice of his withdrawal, grows out of the equitable doctrine of estoppel, so where upon one partner's retirement a new firm with a new name is organiz-ed and credit is extended by a former dealer to the new firm, the doctrine of estoppel cannot be invoked to hold the retiring partner of the old firm for the debts of the new partnership.

5. **EVIDENCE: Partnership: Declaration of Partnership Rela-tions.** Declarations by one member of a co-partnership that another person is also a member of the firm, when made in the absence of such other person, are not competent to prove the connection of such person with the partnership.

6. **APPEAL AND ERROR: Verdict for Right Party.** Although irregularities and errors may be committed by the trial court in the admission of evidence and in the giving of instructions, yet, if it manifestly appears that substantial justice was reached by the verdict and a new trial would inevitably lead to the same result, it is the duty of the appellate court, under the statute, to affirm the judgment.

Appeal from Barry Circuit Court.—*Hon. F. C. Johnston,* Judge.

AFFIRMED.

*H. T. Harrison* for appellant.

(1) In a suit against a firm the jury are not re-quired to decide whether the partnership actually ex-isted, but only whether it was held out to the plaintiff as existing and when a man advisedly permits the rep-resentation that he is a member of partnership or so represents himself to a person who is doing business with the firm he will be treated as a partner as to that person. Young v. Smith, 25 Mo. 341; 1 Lindley on Part-nership, page 54; Gamble v. Grether, 108 Mo. App. 340;

Hahls v. Mayer, 102 Mo. 93; Ins. Co. v. Kountz Line, 122 U. S. 122; 30 Law Ed. 1137; 30 Cyc. 390, 391; 2 Herman on Estoppel, p. 1227, sec. 1096.  (2) And one who knowingly permits himself to be held out as a partner is liable to those who deal with the firm, in the belief that he is a partner as fully as if he were a partner in fact.  30 Cyc. 392; Huysen v. Lawson, 90 Mo. App. 82.  (3) Partnership as to third persons may be shown by facts which would not prove a partnership *inter sese.* Pissell v. Warde, 129 Mo. 451; Rippey v. Evans, 22 Mo. 157; Lamwersick v. Boehmer, 77 Mo. App. 136; Campbell v. Hood, 6 Mo. 211; Foundry Co. v. McCann, 68 Mo. 195.  (4) When he knows, as this defendant did, that his name is being used as that of a member of the firm, he is under a duty to prohibit such use, and the general rule is, he is bound to take such steps as an ordinarily prudent person would take under the circumstances, to notify the public as well as individuals to whom he knows the holding out has been given, that he is not a partner.  30 Cyc. 393; Parson on Contracts (8 Ed.), 169, 177; Knaus v. Givens, 110 Mo. 58; Dowzelot v. Rowlings, 58 Mo. 75.  (5) Declarations made by Williams, the co-defendant, to third persons in the absence of the plaintiff, was incompetent, and would not bind the plaintiff.  Fougue v. Burgess, 71 Mo. 389; Filey v. McHenry, 71 Mo. 418; Russell & Christy v. Hood, 7 Mo. 414.  (6) The instructions given on behalf of the defendant were misleading to the jury, as they were likely to confuse and mislead the minds of the jury the real question in the case being whether Hearne held himself out as a partner or not, and said instructions were in conflict with the evidence and the instructions asked and given on behalf of plaintiff. Clarke v. Kitchen, 52 Mo. 316; Belt v. Good, 31 Mo. 138; Wood v. Steamboat, 19 Mo. 529; Clamp v. Rodewalt, 19 Mo. 448.

*Edwin L. Moore* for respondent.

(1) The abstract of the record is utterly insufficient to permit the court to look into the pretended bill of exceptions. It is not shown to have been filed, nor authorized to be filed; nor does the filing of any motion for a new trial appear. Everett v. Butler, 192 Mo. 569; Harding v. Bedoll, 202 Mo. 636; Barham v. Shelton, 221 Mo. 68; Cross v. Henderson, 129 Mo. App. 539; Implement Co. v. Hill, 139 Mo. App. 524; Ins. Co. v. Johnson, 126 S. W. 966; City v. Hammond, 129 S. W. 414; Mulliken v. Manning, 133 S. W. 136. (2) However, outside of the pretended bill of exceptions, this abstract discloses enough to show that even if the court committed error during the trial, still this judgment should be affirmed on the pleadings; in which event no bill of exceptions could aid appellant. That is, the court had a right to go back and reverse itself on any of its previous rulings against Hearne and base its judgment thereon. Scoville v. Glasner, 79 Mo. 449; Sims v. Field, 24 Mo. App. 565; Maloney v. Assn., 57 Mo. App. 391; Wasson v. Boland, 136 Mo. App. 627; Steele v. Brazier, 139 Mo. App. 337. (3) If, by any possibility, the petition can be construed as charging a running account during those years, up to 1908, then a part of the account would be against Williams & Hearne, and a part of it against the new firm with two other members. Surely such a commingling of causes of action against different firms is not permissible under our code. For of course the taking in of new members dissolved the old firm, and the dissolution of a firm breaks the continuity of an account. Freeman v. Bloomfield, 43 Mo. 392; Henry v. Mahone, 23 Mo. App. 83; Bust v. Long, 75 Mo. App. 103.

NIXON, P. J.—This was an action on an open account instituted by the appellant corporation against the defendants as members of a partnership to recover

the sum of $289.84. Defendants L. Williams, O. N. Williams and —— Williams made default. Defendant R. K. Hearne filed a demurrer which was overruled. He also filed an answer under oath denying that he was a member of the partnership when the debt was incurred. At the conclusion of plaintiff's evidence, this defendant also filed a demurrer to the evidence which was overruled. The defendant obtained judgment from which the plaintiff in due time perfected its appeal to this court.

The amended petition is as follows: (Caption omitted.)

"Now comes the plaintiff and states that it is and was at all the times hereinafter mentioned, a corporation, organized and doing business under the laws of the State of Missouri and liable to sue and be sued as such in the courts of this state.

"That the defendants, L. Williams and R. K. Hearne were on the 2d day of February, 1902, and up to the 5th day of August, 1905, engaged in the retail merchants business at Boston, Barton county, Missouri, as a partnership, and between said dates bought goods of the plaintiff and divers other persons and had them shipped to their store at Boston, aforesaid, where they received them into their stock of merchandise. That on or about said date, August 5, 1905, there was taken into the firm the two sons of L. Williams and the firm was known afterwards as Williams Sons & Company. And the defendant Hearne never gave any notice of his retirement from the firm and the same continued to run as the firm of Williams Sons & Company as far as this plaintiff is informed, up to and including January 30, 1908, when the defendants ceased to purchase goods from this plaintiff. Said Hearne remaining in said partnership, so far as plaintiff is informed and believes. And for its cause of action plaintiff states that on or about the 2d day of February, 1902, at the special instance and request of defendants, plaintiff sold and delivered to de-

fendant certain goods and merchandise of the value and
for the price of $1821.32, the items of which, as well as
the dates when the various articles were sold, and the
prices charged therefor respectively, appear from the
bill of items hereto annexed and mark exhibit A.

"Plaintiff says that the prices charged for said
goods are, and were at the time when said goods were
sold and delivered, reasonable and proper, and defend-
ants promised and agreed to pay the same, but, though
often thereto requested, they have paid a part thereof,
to-wit, $1531.48, which leaves a balance of $289.84 which
they have failed and refused, and still fail and refuse
to pay the said balance, and every part thereof.

"Plaintiff says that it made demand of payment
of said account and balance of $289.84 of and from the
defendants on the 1st day of February, 1908.

"Wherefore, plaintiff prays judgment against all
the defendants for the sum of two hundred and eighty-
nine and 84-100 dollars, with interest at the rate of six
per cent per annum from the 2d day of February, 1908,
and for cost of suit." (Signature and exhibit A omitted.)

The evidence offered by the appellant tended to
show that on the 28th day of February, 1902, it opened
an account upon its books with a partnership known as
Williams & Hearne at Boston, Missouri, and from that
date until June 19, 1905, kept an open account in their
name for goods furnished them from time to time during
such period and rendered Williams & Hearne monthly
itemized statements of the goods so furnished. The
goods were ordered, shipments made, and bills settled
under the name of Williams & Hearne until the firm
name was changed, in August, 1905, to Williams Sons
& Company, after which time the plaintiff transacted
business with and sold goods to the firm of Williams
Sons & Company. The old firm of Williams & Hearne
was dissolved, and two sons of Williams, together with
Williams, organized a new partnership and subsequently

154 App.—46

carried on the business in the firm name of Williams Sons & Company. Sometime after August 5, 1905, appellant's account was carried forward by it in the name of Williams Sons & Company. On February 1, 1908, the total debits amounted to $793.39, and, after deducting several payments that were made from time to time, there was a balance due the plaintiff at the time this action was instituted of $232.74 and interest. The plaintiff's exhibit "A" filed with the petition and offered in evidence contained the account sued on, and in it Williams Sons & Company of Boston, Missouri, were charged with being indebted to the plaintiff, the first item being a credit dated November 20, 1905, and the last item being a debit dated February 1, 1908, and the several items of merchandise, with credits, were carried in the account between those dates.

Defendant Hearne filed with his separate answer the following affidavit:   (Caption, signature, etc., omitted.)

"R. K. Hearne, one of the above named defendants, first being duly sworn, on his oath says that he was not at any of the times mentioned in plaintiff's amended petition in the above entitled cause a member of any firm or partnership doing or transacting business under the firm name and style of Williams Sons & Company, and that he is not a partner and never was a partner with any of the other defendants mentioned in said petition, in the retail merchants business, or any other business at Boston, Missouri, or anywhere else, and says that no partnership ever existed between this defendant and the other defendants or any of them in any manner whatever, as alleged in said petition, or otherwise."

At the trial, there was evidence offered that defendant Hearne furnished money to carry on the business and held himself out as a member of the firm of Williams & Hearne, the principal contention of the parties being as to whether this money was a loan to

Williams or capital stock of the firm of Williams &
Hearne. There was no competent evidence offered that
Hearne was actually a member of the firm of Williams
Sons & Company or that he ever held himself out to
the plaintiff or others as a member of such firm.

The serious difficulty which confronts the appel-
lant, and which it must overcome before it can recover
in this case, is that the theory of its cause of action
stated in the amended petition shows no right of re-
covery whatever against R. K. Hearne who is the re-
sponsible defendant and the only one of the defendants
who is contesting the appellant's right to a judgment.
It will be seen that the special recitals of the petition
as to the particular grounds of defendant Hearne's
legal liability are stated as follows:

"That the defendants, L. Williams and R. K.
Hearne, were on the 2d day of February, 1902, and up to
the 5th day of August, 1905, engaged in the retail mer-
chants business at Boston, Barton county, Missouri, as
a partnership, and between said dates bought goods
of the plaintiff and divers other persons and had them
shipped to their store at Boston, aforesaid, where they
received them into their stock of merchandise. That
on or about said date, August 5, 1905, there was taken
into the firm the two sons of L. Williams and the firm
was known afterwards as Williams Sons & Company.
And the defendant Hearne never gave any notice of his
retirement from the firm and the same continued to
run as the firm of Williams Sons & Company as far
as this plaintiff is informed, up to and including Jan-
uary 30, 1908, when the defendants ceased to purchase
goods from this plaintiff. Said Hearne remaining in
said partnership, so far as plaintiff is informed and
believes."

Briefly summarized, the liability of the defendant
Hearne as above stated by plaintiff is that from Feb-
ruary 2, 1902, to August 5, 1905, he was a member of
the firm known as and doing business under the name

of Williams & Hearne, and that the plaintiff corporation opened an account for the sale of goods and merchandise on its books with this firm and sold and delivered goods and merchandise and rendered monthly accounts to such firm during that time, and thereupon, without full settlement, the itemized account after June 19, 1905, was carried on in the name of Williams Sons & Company until February 1, 1908. That defendant Hearne gave no notice of his retirement from the former firm of Williams & Hearne. The evidence tended to sustain this portion of the petition, and was to the effect that on or about August 5, 1905, there was formed a mercantile firm composed of L. Williams and his two sons who assumed the name and transacted business thereafter under the firm name of Williams Sons & Company. The present suit is to collect the purchase price of goods furnished after the organization of the new firm of Williams Sons & Company, and exhibit "A" offered in evidence by the appellant shows that credit for such goods was extended to Williams Sons & Company.

Appellant's evidence as to Hearne being a member of the firm of Williams Sons & Company, to which appellant sold the goods in question, is confined to the testimony of its traveling salesman who testified that he called at their place of business after the firm name had been changed from Williams & Hearne to Williams Sons & Company and had a conversation with L. Williams, in which Williams stated certain things relative to their affairs, but that Hearne was not present. This testimony was as follows: "Well, he said the boys were running the other place, he and Hearne had the other place, and they decided to combine the whole thing and make one business out of it; they all be together and help. I asked him about the financial end. He said it stayed just where it was before, except the boys' stock helped the financial end along a little." This evidence was objected to as incompetent but the objec-

tion was overruled. It has been uniformly held in a long and unbroken line of authorities in this state as well as elsewhere that such declarations in the absence of the other party are not competent evidence to prove the existence of a partnership. [Young v. Smith, 25 Mo. 341; Clark v. Huffaker's Admr., 26 Mo. 264; Filley v. McHenry, 71 Mo. 417.]

As stated, there was no evidence that Williams & Hearne took Williams' sons into the firm, and there is no evidence that Hearne had anything to do with the taking in of anyone or was otherwise connected with the organization of the new firm. It is true there is evidence that Williams took his sons into a partnership, but there is no substantial evidence that Hearne had any connection with the change of the partners or any connection with the new firm. The partnership was dissolved by the admission of Williams' sons as partners. The law has long since been settled that a retiring member of a partnership will continue liable to former dealers for the firm's subsequent obligations contracted in the name of the old firm until such previous dealers have actual knowledge of the dissolution of the firm and the retirement of the partner. [Gage Bros. & Co. v. Rogers Sisters, 51 Mo. App. l. c. 430; Parsons on Partnership, 409; 17 Am. and Eng. Ency. Law, 1120, and cases cited.]

In this case, however, we are presented with an entirely different state of facts as the use of the old firm name of Williams & Hearne was abandoned and the new one of Williams Sons & Company was adopted in which the name of Hearne was entirely omitted. The liability of the defendant Hearne was put to the jury on the theory that "when a partnership is dissolved and one of the partners continues in the business as before, the retiring partner, to protect himself from future liabilities, should see that public notice of such dissolution, if any, or of his retirement, is given in some manner so as fairly and reasonably to notify the public

of the fact of his withdrawal from the firm; and if he does not do so persons dealing with the partner who continues in the business (under a new firm name), without actual notice of the dissolution, will have a right to rely on the credit of the original firm." The legal proposition as thus stated may be said to be no less than startling and can have no application to the facts disclosed in this record as the evidence is beyond question that the new partnership of Williams Sons & Company purchased the goods in suit and that plaintiff extended credit to this firm and not to the old firm of Williams & Hearne. Had the firm of Williams & Hearne continued to purchase goods of the plaintiff after Hearne had retired, and if plaintiff actually had no notice of Hearne's retirement, this principle of law would apply to this case; and if the plaintiff had been dealing with the firm under such circumstances shortly prior to its dissolution and no publication of the dissolution was made prior to the date of the contract in controversy, and no dissolution at any time was brought home to the plaintiff, then the doctrine of estoppel under certain limited conditions would apply. But an instruction telling the jury if plaintiff had been dealing with a firm shortly prior to its alleged dissolution and it was not informed of such dissolution at the time it furnished the bill of goods, then the retiring partner was bound on such contract, is erroneous, as to hold the retiring partner the jury must further find that plaintiff believed he was contracting with the members of the firm of Williams & Hearne and relied upon their liability at the time he entered into the contract for the sale of the goods. An instruction which declares that if a contract was made with the succeeding firm after the dissolution of the original firm, and not with the latter, that the retiring partner is not liable, properly declares the law. [Wright v. Fonda, 44 Mo. App. 634.] The liability of the retiring partner for subsequent purchases by the old firm is based upon the equitable doc-

trine of estoppel and grows out of the acts and decla-
rations of the parties sought to be charged and is ap-
plied for the prevention of fraud and to prevent a per-
son who has been influenced by such acts and declara-
tions from the injury of a denial. It appears from the
evidence in this case that the goods were sold to the
firm of Williams Sons & Company, after the dissolution
of the firm of Williams & Hearne, and that credit was
extended for the bill of goods, not to Williams & Hearne,
but to the new firm of Williams Sons & Company. There-
fore, no grounds of estoppel exist, and no liability of
Hearne appear unless it had been shown that he was a
member of the new firm or held himself out as such.
As no liability of Hearne was shown by contract or
estoppel, defendant's demurrer to the evidence should
have been sustained.

We have given this case a careful and exhaustive
consideration, and although many irregularities and er-
rors were committed by the trial court in the admis-
sion of evidence and the giving of instructions, yet it
manifestly appears that substantial justice was reached
by the verdict of the jury and that a new trial would
inevitably lead to the same result and compel the de-
fendant to incur additional expense. Under these cir-
cumstances the statute has pointed out our duty by ex-
pressly forbidding an appellate court to reverse the judg-
ment. [Vaughan v. Daniels, 98 Mo. 230, 11 S. W. 575;
State ex rel. Jones v. Jones, 131 Mo. 194, 33 S. W. 23;
Homuth v. Metropolitan St. Ry. Co., 129 Mo. 629, 31
S. W. 903; Moore v. Ry. Co., 176 Mo. 528, 76 S. W.
672.] · Upon a consideration of the entire record we
find that the judgment was for the right party and it
is accordingly affirmed. Cox and GRAY, JJ., do not
agree with the writer that the testimony quoted is all
the testimony bearing upon the question of the respond-
ent's connection with the firm of Williams & Sons,
and are of the opinion that on the whole testimony there
was sufficient evidence to take that question to the jury,

but do concur in the legal principles announced and concur in affirming the judgment, but place the affirmance upon the ground that appellant's abstract of the record is fatally defective.