SIMMONS HARDWARE COMPANY, Respondent,
v. GARRETTE W. PECK, Appellant.

Kansas City Court of Appeals, January 19, 1914.

1. **CONTRACTS: Partnership: Goods Sold and Delivered: Notice.** The plaintiff, a wholesale merchant, sued to recover the value of goods sold and delivered to the defendant. The defendant retired from business, but gave no notice, until after the delivery of the goods. *Held*, that the question as to whether or not the plaintiff had notice of defendant's retirement at the time of the delivery of the goods was properly submitted to the jury.

2. ————: ————: ————: ————. Where an ostensible or known partner retires from a firm, he will still he liable for its debts and contracts as to all persons who have previously dealt with the firm and have no notice of his retirement. And this notice should be active and brought home to them, or, at least, credit must have been given under circumstances from which actual notice may have been inferred.

Appeal from Boone Circuit Court.—*Hon. D. H Harris*, Judge.

AFFIRMED.

*N. T. Gentry* for appellant.

*McBaine & Clark* for respondent.

JOHNSON, J.—Plaintiff, a wholesale merchant at St. Louis, sold and delivered goods to Peck and Clifford, partners doing a retail business at Columbia, and afterward sued and recovered judgment against Peck in the sum of $159.58, on an account for goods so delivered and which were not paid for. Peck appealed and contends that the firm was dissolved and that he retired from the business on November 4, 1912, prior to the delivery of all of the goods in controversy except a shipment amounting to $25.50, received by

the firm before its dissolution. Further he insists that he gave plaintiff immediate written notice of the dissolution but this is denied by plaintiff whose evidence shows that the first notice of that fact was contained in a letter of defendant received by plaintiff November 23, 1912, which was after the delivery of the goods in controversy.

The evidence of plaintiff very strongly tends to show that it had no actual knowledge of the dissolution prior to the receipt of that letter, while the evidence of defendant, in addition to his assertion that immediate written notice was sent to plaintiff by letter, adduces other facts and circumstances from which an inference that plaintiff had actual notice before the delivery of the goods in dispute might be inferred. Perhaps the strongest of such facts is that in the dissolution contract Clifford purchased the interest of Peck in the business and gave his promissory notes to Peck for the purchase price securing the payment of these notes by a chattel mortgage on the stock. This mortgage was filed for record November 6th. Defendant argues that the filing of this mortgage should be held in law to have imparted notice of the dissolution to plaintiff.

In order to terminate the implied agency of his partner to bind him for the payment of goods purchased in the name of the partnership, it was not sufficient as to one who had been dealing with the partnership for Peck merely to show that it had been dissolved and that he had retired from the business before the purchase of the goods in dispute. The burden was on him to go further and show that plaintiff had actual, as contradistinguished from constructive, knowledge of the dissolution. The existence of such knowledge may be inferred from facts and circumstances that would put an ordinarily cautious man on inquiry (22 Am. & Eng. Ency. of Law [2 Ed.], 179), but cannot

be conclusively established in law from such facts as the publication of a notice of the dissolution in the newspapers or its general notoriety in the community. As is said in Pope v. Risley, 23 Mo. l. c. 187:

"Where an ostensible or known partner retires from a firm he will still be liable for its debts and contracts as to all persons who have previously dealt with the firm and have no notice of his retirement. [Story on Partnership, sec. 160.] If the plaintiffs had dealt with the company before the retirement of any of its members, in order to have relieved them from future liability, it was necessary that notice should have been given to the plaintiffs of their retirement and this notice should have been actual and brought home to them, or, at least, the credit must have been given under circumstances from which actual notice may have been inferred. Notice in a newspaper, though published in a fair and usual way, will not, of itself, be sufficient as to those having former dealings with the company. [Story on Part., sec. 161.]"

To the same effect are the following cases: Wright v. Fonda, 44 Mo. 634; Knaus v. Givens, 110 Mo. 58; Osborn v. Wood, 125 Mo. App. 250; Hardware Co. v. Williams, 154 Mo. App. 726.

There is, of course, an important and obvious difference between actual and constructive knowledge of a fact. The filing of the chattel mortgage imparted constructive knowledge to plaintiff of facts which would have put an ordinarily cautious man on inquiry but cannot be said as a matter of law to have given plaintiff actual notice of the dissolution. The learned trial judge did not err in submitting to the jury the question of whether or not plaintiff, in fact, had such knowledge at the time it delivered the goods.

The objection to the first instruction given at the request of plaintiff is not well founded. The instruction does not omit, as counsel appears to think, the

essential fact that plaintiff believed he was contracting with both partners and relied upon their joint liability. [Wright v. Fonda, supra; Bowen v. Epperson, 136 Mo. App. l. c. 576.]

The judgment is affirmed. All concur.