PECK *et al.* v. RITCHEY, *Appellant.*

1. **Principal and Agent**: EVIDENCE: DECLARATIONS OF AGENT. Declarations of a person assuming to act as agent of another, are not admissible in evidence to prove his agency, but, after a *prima facie* case of agency is proven against the principal, declarations made by the agent in the prosecution of and relative to the business contemplated by such agency, are admissible against the principal; declarations, however, made to third parties, by the person alleged to be an agent, tending to disprove the fact of such agency, are not admissible in favor of the person alleged to be his principal.

2. ———: ———: CONTRADICTORY STATEMENTS OF WITNESS. Evidence of contradictory statements made by a witness in regard to his agency, is admissible to show the character of the witness, and to enable the jury to determine the credit to which he is entitled; and a witness cannot, either by his feigned or real forgetfulness of having made such contradictory statement, deprive a party of the right to such evidence; nothing but an admission by the witness that he made the very statement alleged will deprive the party of the right to prove it.

3. **Consignment**: NOT NOTICE TO CONSIGNEE THAT HE IS REGARDED AS PURCHASER. The fact of a consignment of goods is not of itself notice to the consignee that he is held by the consignor as the purchaser of the goods sent.

4. **Principal and Agent**: WITHIN WHAT TIME REPUDIATION OF UNAUTHORIZED ACTS OF AGENT MUST BE MADE. An instruction that the principal, wishing to repudiate the unauthorized acts of one assuming to act as his agent, should do so upon learning the fact, or, certainly, within a few days, was held to be erroneous, and that the words "within a reasonable time," or "as soon thereafter as he can," or equivalent words, should have been substituted for "within a few days."

5. **An Instruction is Erroneous** which assumes as a fact that which is in issue, and which the jury are required to pass upon.

6. **Witness**: THE CREDIT TO BE GIVEN TO HIM. A witness is not to be disbelieved solely because he made statements out of court inconsistent with his testimony, nor is the converse of this proposition true; the jury are to determine the credibility of the witness from all the facts and circumstances in evidence.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

This was a suit for the price of building materials

alleged to have been sold, shipped and delivered by plaintiffs to defendant.

The 5th, 6th, 10th, 12th and 14th instructions given by the circuit court, at the instance of plaintiffs, and which this court, in the opinion, declares should have been refused, are as follows:

5. The court instructs the jury that where goods are shipped to a person, in his name and to his address, when he is informed or learns that such goods or property is there for him and subject to his order, if he did not order the same or authorize any one to order the same for him, it is his duty to refuse to receive or accept the same, or to immediately notify the shipper or consignor of the same, that he did not order said goods or authorize any one to do so for him. And if he fails to do so, and receives the goods, it is too late for him, in a month or so after, when payment of the same is demanded, to deny that he authorized any one to order the same for him, or that he purchased the same himself, but he is bound to pay the owner of such material, who shipped the same to him in good faith, supposing that he had ordered the same, or authorized the same to be ordered.

6. That even though the acts of Barton, in acting as agent for defendant were unauthorized, yet, defendant cannot approve of a part of such alleged unauthorized acts of Barton and diapprove of another part; but, if he approved of a part of such alleged unauthorized acts of Barton, he thereby approves of all of his said unauthorized acts in relation to the same matter, and is as much liable for the same as if he gave Barton express authority to do the same.

10. The court instructs the jury that, where the principal wishes to repudiate the unauthorized acts of one who assumed to act as his agent, it is his duty to do so upon learning the fact, or certainly within a few days, or, if he does not, his silence amounts to a ratification, no matter what may have been his intention on the subject.

12.    That although the material may have been shipped or addressed to J. M., or T. M., or F. M. Ritchey, yet defendant, by receiving the same, admits that the same were intended for him, and is estopped from denying that such material as was marked T. M. Ritchey, or F. M. Ritchey, or both, was not intended for him or shipped to him.

14.    The court instructs the jury that a witness is not to be disbelieved, alone, because he made statements out of court inconsistent with the facts testified to in court when under oath.

The following is the third instruction referred to by the court:

. The court instructs the jury, that if they believe from the evidence, that the defendant accepted any part of the materials sued for, with knowledge of the fact that they had been furnished by plaintiffs on defendant's account, he will be held to have ratified the purchase as to the whole, and is liable for the same.

*C. W. Thrasher and H. C. Young* for appellant.

1.    Barton's own declarations could not make him the agent of appellant.   *Robinson v. Walton,* 58 Mo. 385 ; *Sumner v. Saunders,* 51 Mo. 89 ; *Franklin v. Globe Mutual Life Ins. Co.,* 52 Mo. 461.

2.    If his statements concerning the house he was building for appellant, were competent evidence to prove that he was acting as agent for appellant, it would seem that other statements made, at the same time, about the same matter, might also well be used as evidence to prove that he was not acting as such agent.

3.    The fifth instruction given for respondents is a mere abstract declaration of law, and has no application to this case, and the jury are not directed how to apply it to this case, or what facts they must find in order to be governed by it.   *Clarke v. Kitchen,* 52 Mo. 316 ; *Washington Mut. Fire*

*Ins. Co. v. St. Mary's Seminary*, 52 Mo. 480; *Royer v. Fleming*, 58 Mo. 438.

4. The sixth instruction, in effect, assumes a fact to exist, and directs the jury what verdict they are to find, without regard to the evidence. *Bowling v. Hax*, 55 Mo. 446; *Glenn v. Lehnen*, 54 Mo. 45; *State v. Stonum*, 62 Mo. 596; *Gist v. Loring*, 60 Mo. 487; *Lester v. K. C., St. Joe. & C. B. R. R. Co.*, 60 Mo. 265.

5. The tenth instruction is erroneous. Whether, or not, there has been an implied ratification by a principal of unauthorized acts of an assumed agent, can only be determined by the peculiar circumstances of each case, and there is no inflexible rule that "a few day's silence," however much that may be, amounts to a ratification of any particular acts of such assumed agent; such ratification can only be determined by the jury upon all the facts and circumstances of the transaction. *Glenn v. Lehnen*, 54 Mo. 45; *Gilchrist v. Donnell*, 53 Mo. 591; *Porter v. Harrison*, 52 Mo. 524.

6. The twelfth instruction assumes that appellant received the materials sued for, and was thereby estopped from denying that it was intended for and shipped to him; it leaves nothing for the jury to find. *Farrar v. David*, 33 Mo. 482; *Capital Bank v. Armstrong*, 62 Mo. 59; *Iron Mt. Bank v. Murdock*, 62 Mo. 70; *Bowling v. Hax*, 55 Mo. 446; *Chouquette v. Barada*, 28 Mo. 491; *Merritt v. Given*, 34 Mo. 98; *Turner v. Loler*, 34 Mo. 461; *Moffatt v. Conklin*, 35 Mo. 453; *Sawyer v. Han. & St. Jo. R. R. Co.*, 37 Mo. 240.

7. The fourteenth instruction is in direct conflict with the well settled rule of law, that the jury are the sole judges of the credibility of witnesses. *Wannell v. Kem*, 57 Mo. 478; *Henschen v. O'Bannon*, 56 Mo. 289; *Durkee v. Chambers*, 57 Mo. 575.

*John O'Day* for respondent.

1. If the silence of the principal is either contrary to his duty, or has a tendency to mislead the other side, such

silence is conclusive evidence of ratification, and more particularly is such the case among merchants, where notice of the act done is given by letter which is not answered in a reasonable time.   Greenleaf's Ev., (9th Ed.) Secs. 66 & 67; *Cairnes v. Bleeker,* 12 Johns. 304; Story on Agency, (6th Ed.) Sec. 258; *Watson v. Gray,* 4 Keyes 385; Parson's Contracts, (4th Ed.) p. 46; *Benedict v. Smith,* 10 Paige 128; 2 Kent's Com., p. 615; *Johnson v. Jones,* 4 Barb. 369; 3 Phillips' Ev., (4th Ed.) pp. 402 & 403, note.

2.   The acts of the principal are to be construed liberally in favor of the adoption of the acts of the agent. *Godwise v. Hacker,* 1 Caines Rep. 526; *Benedict v. Smith,* 10 Paige Rep. 128.

3.   Ratification arises often by implication.   It is not necessary that there should be any positive or direct confirmation—small matters, slight circumstances, will sometimes suffice to raise a presumption of ratification.   Story on Agency, Secs. 252 & 253.

HENRY, J.—The defendant was liable in this action, if at all, upon the ground that James S. Barton was his agent in the purchase of the materials, or, else, that having been purchased for him by Barton, without any authority previously given by defendant, the defendant subsequently ratified the act.

That the declarations of a person, who assumed to act as agent of another, are not admissible to establish the agency is well settled; but it is equally well

1. PRINCIPAL AND AGENT: evidence: declarations of agent

settled, that after the party alleging the agency has made a *prima facie* case of agency against the principal, any ·declarations made by the agent in the prosecution of, and relative to the business contemplated by such agency, are admissible against the principal.   Barton, the first witness introduced by plaintiffs, testified that he purchased for defendant the materials in question, and that he was ordered to do so by the defendant.   This was a sufficient foundation for the admission

of Barton's letters to the plaintiffs in regard to the materials.

Respondent contends, that if Barton's declarations, that he was the agent, are to be received against him, then any declarations to the contrary made by him are admissible against the appellant. This does not follow. His declarations are only received against the principal, because of the relation between them. Until this is established, they are not admissible against the principal, and when admitted, they are as the declarations of the principal himself. *Qui facit per alium facit per se.*

As a witness, he testified to the agency, and if he had made contradictory statements in regard to his agency, it was legitimate to impeach him in the ordinary mode, but what he may have said to third persons, as to his agency, could not be received against plaintiffs as evidence of the truth of such statements, but only to show the character of the witness, and to enable the jury to determine what credit he was entitled to as such. The 13th instruction given by the court for plaintiffs, was therefore a correct declaration of the law, and the court properly excluded evidence of statements made by Barton, tending to show that he was not defendant's agent, except those as to which he was interrogated and denied making.

2. ———: ———: contradictory statement of witness.

Barton was asked, on cross-examination, if he did not state to J. W. Lamson, naming time and place, that he had made a contract with Ritchey to erect for the latter, a dwelling house at Ritchey, Mo., for $4,200.00. His answer was that he did not know whether he had or not. Lamson was introduced as a witness by defendant, and asked if Barton had not, to him, made that statement, at the time and place designated, but the court refused to permit witness to answer the question, because Barton had not denied that he made the statement. In this the court erred.

A witness cannot avoid contradiction by equivocating,

nor is the opposite party to be deprived of the right to show that the witness has made contradictory statements, either by his feigned or real forgetfulness. Nothing but an admission that he made the very statement alleged, will deprive the opposite party of the right to prove it. Starkie on Evidence, (9th Ed.,) 241. The question put to Barton was relevant. The remark imputed to him was that he had contracted with Ritchey to build the house for which these materials were procured, for $4,200; and if this were so, he was bound by the contract to furnish the materials, which he testified he had purchased for Ritchey. The 5th, 6th, 10th, 12th and 14th instructions given by the court, at the instance of plaintiffs, should have been refused.

The 5th is defective in declaring a consignee liable, if he know that goods are shipped in his name and are sub-

3. CONSIGNMENT: not notice to consignee that he is regarded as purchaser.

ject to his order, unless he immediately notify the consignor that he refuses to accept them. This requires a qualification that they were bought for him by some one who was not authorized to make the purchase, and that the consignee was aware of the facts. The purchaser, for his convenience, might have ordered their consignment to the consignee; the simple fact of consignment of goods to the consignee, is by no means notice to him that the consignor holds him, as a purchaser of the goods, for their price.

The 6th instruction was wholly unnecessary, and the principle it was intended to declare, was much better stated in the 3d instruction.

In the 10th, the words " within a reasonable time," or " as soon thereafter as he can," or equivalent words should

4. PRINCIPAL AND AGENT: within what time repudiation of unauthorized acts of agents must be made.

have been substituted for "within a few days." Each case is governed by its own peculiar circumstances. Under some circumstances the act of the agent would bind the principal, if he did not immediately repudiate it, while other cases may be supposed where his silence for a week would not have that effect.

The 12th is erroneous in this, that it assumes that Ritchey received the goods. That was an issue for the 5. INSTRUCTIONS. jury to pass upon, and the court in its instructions, should not have assumed the fact to be one way or the other.

The 14th instruction should have been refused. It is not a principle of law that a witness is not to be disbe-6. WITNESS: the lieved solely because he made statements credit to be given out of the court inconsistent with his testi-to him. mony, nor is the converse of the proposition true. The jury are to determine the credibility of the witness from all the facts and circumstances in evidence. Some confidence must be reposed in their intelligence and integrity. Why a witness should, or should not, be believed, the ordinary juror is capable of deciding. There are no artificial rules which will conduct him unerringly, but his common sense and experience will enable him, if he is unbiased to place a proper estimate upon the testimony of witnesses. These are much safer guides than any arbitrary rules that could be prescribed. The court determines the competency, and when it has told the jury that they are the sole judges of the credibility of witnesses, and, to this end should consider all the facts and circumstances which bear upon their credibility, it has fully discharged its duty in that respect. There is no man of common intelligence, but knows what relations and circumstances are most likely to bias a witness, and, although frequently given, and too often approved by courts of last resort to be condemned, yet it needs no instruction from the court to tell the jury that a father or a son is under temptation to color his testimony to secure to the other success in any controversy he may engage in.

With the concurrence of the other judges, except SHERWOOD, C. J., not sitting, the judgment is reversed and the cause remanded.

REVERSED.