FILLEY, *Appellant*, v. McHENRY.

1.  **Interest**: VERBAL CONTRACT. A verbal agreement to assume a debt past due and bearing interest at the rate of six per cent, with a promise to pay eight per cent in the future, will not be binding for the payment of interest at eight per cent, but it will bind the promisor to pay the debt and six per cent.

2.  **Evidence of Partnership.** Statements made by one of the mem-

27—7'

bers of an alleged partnership, in the absence of the other, cannot be used against the latter to prove the existence of the partnership.

*Appeal from St. Louis Circuit Court.*

JUDGMENT OF GENERAL TERM AFFIRMED.

*J. D. Johnson* and *W. V. N. Bay* for appellant.

*J. S. Fullerton* for respondent.

HENRY, J.—The plaintiff's action was to recover a debt incurred by the Dispatch Printing Company, which, he alleged, was assumed by Peter L. Foy and defendant as co-partners, in their purchase of said establishment on the 4th day of April, 1868. The defendant denied that when that purchase was made by Foy they were co-partners. The rulings of the court on that issue are the matters which we deem it necessary to consider particularly. The instructions given, except as herein otherwise indicated, were unexceptionable, and those asked by defendant and refused, were properly refused.

There was error in allowing plaintiff eight per cent interest on his demand from the date of the assumption of the debt, even if defendant is to be held liable; but, although there was an express agreement to pay that rate of interest, which cannot be enforced because not in writing, plaintiff is entitled to six per cent from the date of the assumption. The debt was then due and the promise was to pay it, Filley giving an extension of time for the payment. It bore six per cent interest, and the agreement to pay the debt was an assumption of the agreement of the original debtor in all its terms.

1. INTEREST: verbal contract.

The court erred in admitting the evidence of statements made by Foy in the absence of McHenry, that they were co-partners. The existence of the co-partnership was expressly denied, and the evidence of the statements of Foy was not admissible to

2. EVIDENCE OF PARTNERSHIP.

prove that McHenry was his co-partner. "The act, declaration or admission of one person, is not admissible in evidence to establish the fact that others are his partners, though it is ordinarily sufficient to prove it as against himself." 2 Greenleaf Ev., § 484. To this respondent answers that "there was other evidence, defendant's letter for instance, independent of How's testimony, proving the copartnership," and, therefore, although the court may have erred in the admission of evidence of Foy's statements, it did not prejudice the defendant. There was no express admission in McHenry's letter to Foy, that on the 4th day of April, 1868, he and Foy were co-partners. It is but an inference from expressions in the letter, which McHenry in his testimony was properly permitted to explain, and his explanation, if accepted as true, showed that the meaning of the expressions was different from that attached to them by the appellant. The evidence of Foy's statements was offered and admitted, not for the sole purpose of showing that an established partnership had assumed the debt, but to establish the existence of the partnership, and as there was a conflict of evidence on that issue, it cannot be assumed that the error of admitting it worked no prejudice to defendant. The judgment of the general term reversing that of special term, and remanding the cause, is affirmed. All concur.