THE UNION BANK OF KIRKSVILLE, Respondent, v. CHARLES WHEAT *et al.*, Appellants.

Kansas City Court of Appeals, April 30, 1894.

1. **Principal and Agent:** EVIDENCE: TRANSACTIONS WITH AGENT. Although in this case there is no direct evidence tending to show the agency of one Carothers, yet as it appears from all the evidence that he was but an instrument used by the defendant to assist in disposing of the latter's property, evidence as to certain transactions had with said Carothers in reference to disposition of the property, is admissible in evidence against the defendant, as tending to prove a fraudulent conveyance of his property.

Union Bank of Kirksville v. Wheat.

2. ——: ——: ADMISSION OF AGENT AFTER TRANSACTION. As a part of the consideration of the transfer of the property, Carothers agreed to discharge certain liens on the real estate accepted in payment of the merchandise defendant sold to the witness Walker. *Held,* that the witness could testify as against the defendant to an admission as to his agency made by Carothers after the delivery of the merchandise and of the possession of the land, when the witness insisted upon Carothers performing his contract and discharging the liens as he had undertaken.

3. **Evidence:** CUMULATIVE: HARMLESS ERROR: APPELLATE PRACTICE. The admission of evidence which is merely cumulative, and could not change the verdict, is harmless error and will not reverse.

4. **Appellate Practice:** REVIEW: EXCEPTIONS. Instructions to the giving of which no exceptions are saved will not be reviewed on appeal.

*Appeal from the Sullivan Circuit Court.*—HON. W. W. RUCKER, Judge.

AFFIRMED.

*Davis, Loomis & Davis* for appellants.

(1) The admission of prejudicial hearsay is reversible error. *Goltz v. Griswold,* 113 Mo. 144; *State v. Grote,* 109 Mo. 345; *Dunn v. Altman,* 50 Mo. App. 231. (2) One's agency can not be shown by his own declaration. *Waverly Timber & Iron Co. v. St. Louis Cooperage Co.,* 112 Mo. 383. Also see our brief in *Davis & Rankin v. Clawson.* (3) The merits of plaintiff's case are not the subject of inquiry on the trial of a plea in abatement filed in an attachment suit. *Chouteau v. Boughton,* 100 Mo. 406. (4) The admission of improper evidence will not be deemed harmless where the evidence on trial was conflicting and the improper evidence was liable to influence the jury against the defendant. *State v. Whelehon,* 102 Mo. 17. (5) Instruction number 3 singles out certain parts of the evidence and warrants a recovery on transactions not

proved. *Bank v. Elias Nichols*, 43 Mo. App. 385. (6) Instruction number 3 given for plaintiff is not a correct definition of the law of attachment.

*John P. Butler*, *A. W. Mullins* and *H. F. Millan* for respondent.

(1) The possession of personal property is *prima facie* evidence of ownership. 1 Greenleaf on Ev., sec. 34. (2) The fact of agency may be established from circumstances, as well as by direct proof. *Hull v. Jones*, 69 Mo. 587. While the authority of a supposed agent can not be established solely by his own declarations to that effect, yet, if the agency is otherwise proved, such declarations are admissible. 1 Am. and Eng. Encyclopedia of Law, p. 351. Proof of the subsequent recognition and ratification of an act previously performed is equivalent to its previous authorization. 1 Am. and Eng. Encyclopedia of Law, p. 429; *Ruggles v. Washington Co.*, 3 Mo. 496; *Jefferson City Savings Ass'n v. Morrison*, 48 Mo. 273; *Turner v. Railroad*, 51 Mo. 501; *Ferris v. Thaw*, 72 Mo. 446.

SMITH, J.—This is a suit by attachment in which the plaintiff in its affidavit therefor alleged that the defendant "has fraudulently conveyed or assigned his property and effects so as to hinder and delay his creditors." This allegation was denied by the defendants' plea in abatement. On the issue so made there was a trial in the circuit court resulting in a judgment for plaintiff.

The appealing defendants attack the judgment on several grounds, one of which is, that the circuit court erred in admitting the testimony of the witness Walker as to transactions between the witness and one Carothers without showing that the latter was an agent of defendant in such transactions. In this we perceive no error.

The evidence tends to show that the defendant was the owner and in possession of a certain stock of merchandise at Greencastle and does not disclose any interest therein in Carothers. It further appears that Carothers entered into negotiations with Walker for the exchange of $3,200 in value of the stock of merchandise to which we have referred for certain lands owned by the latter. Pending these negotiations defendant examined the records of the county in which the land was situate for the purpose of acquainting himself with the title to the same. After this was accomplished Walker visited Greencastle and found defendant in charge of the stock of merchandise and thereupon they made an invoice of merchandise of the value already stated which was taken out of the stock, boxed up and delivered to Walker by defendant. Walker at the same time conveyed by several deeds his lands to Carothers in consideration of the exchange and delivery of the merchandise. It does not appear from the evidence that during the transaction anything was said as to the ownership of the merchandise thus exchanged, nor does it appear that Walker knew that defendant and not Carothers was the owner of the merchandise. It further appears that afterwards Carothers by deed conveyed one of the tracts of land acquired of Walker to Mr. Tingley and another to Mrs. Tingley, these grantees being the brother-in-law and sister of defendant. The Tingleys subsequently executed deeds of trust on both of said tracts of land to secure two several promissory notes on which the defendant's name appeared to persons who were nonresidents of the state, for $3,500.

The inference to be fairly deduced from these facts is, that Carothers was acting as the agent of the defendants in making the several transactions in respect to the disposition of the property of the latter. Why would defendants examine the title to the land which

Carothers was about to trade for unless he knew of and approved the pending negotiations between Walker and Carothers? Why would he turn over part of his stock of merchandise to Walker unless he knew why and on what account the same was done? Why would Carothers transfer these lands acquired of Walker to defendant's brother-in-law and sister if he, Carothers, was not acting as the agent for defendant? Why would the Tingleys incumber these same lands to secure a liability of defendant?

From these circumstances there is to be drawn but one conclusion, and that is, that Carothers was but an instrument used and employed by defendant to assist him in making a disposition of his property.

Neither the defendant nor Carothers were called as witnesses to explain these dubious transactions, nor to give testimony varying the facts from what we have stated them to be. The testimony of Walker in connection with the other evidence in the case was proper as tending to prove that the defendant had fraudulently conveyed or assigned his property and effects to hinder and delay his creditors.

The defendant further objects that the court erred in permitting the witness, Walker, to testify as to admissions made by Carothers that he was only acting in respect to the exchange of merchandise for the land of Walker as the agent of defendant. It is true these admissions were made after the exchange had been effected, but they were not necessarily inadmissible for that reason. It appears by the evidence that when Walker conveyed his lands to Carothers the latter agreed to discharge certain indebtedness of Walker which was a lien on the land conveyed, and that this agreement had not been kept by Carothers. Walker applied to Carothers to know why he had not done so, when the latter stated as an excuse for his nonperform-

ance that he had only acted as agent for defendant in making the sale of the goods. These admissions of Carothers were made during the continuance of his agency in regard to the transaction with Walker. The discharge of the liens on the land was part of the transaction which Carothers had undertaken to perform. It was as much a part of it as was the delivery of the merchandise. He was speaking of an unexecuted.part of the agreement which he had failed to perform. Though long after the delivery of the goods it was still a part of the transaction not then complete. Anything he said in respect to that matter was admissible to bind his principal, because it was a part of it. His agency, we think, having been established by other proof, his admissions during its continuance in respect to the subject-matter of the same were clearly admissible.

·And as these admissions were offered only in proof of agency, they were no more than cumulative evidence, and if improperly admitted that would constitute no ground for reversing the judgment, for the very plain and obvious reason that the agency of Carothers had been proved by evidence *aliunde* and if such admissions had been excluded the verdict would have been the same. It could not well have been otherwise than for plaintiff whether these admissions of Carothers were admitted or rejected.

The defendant contends further that the circuit court erred in its action in the giving and refusing of instructions, but since the abstract of the record does not show that he excepted to the action of the court in that regard, we are not permitted to revise the same.

Our attention has been called to no error in the record which would justify us in disturbing the judgment which must accordingly be affirmed. All concur.