T. G. Rechow, Respondent, v. American Central Insurance Company, Appellant.

Kansas City Court of Appeals, February 3, 1896.

1. **Evidence**: INSURANCE: CONTRADICTORY STATEMENT OF AGENT AFTER LOSS. Where an agent of an insurance company testifies that he canceled the policy in suit, it is proper to admit statements made by him after the loss tending to contradict such testimony, though such statements should not be received as evidence of the truth of the failure to cancel; but the admission of evidence which is competent for any purpose is not error.

2. ———: ———: AGENT'S ADMISSIONS HARMLESS. Where there is independent evidence tending to show a failure to cancel, the admission of contradictory statements of the agent as to cancellation, is harmless.

*Appeal from the Polk Circuit Court.*—Hon. Argus Cox, Judge.

Affirmed.

*Fike, Yates & Fike* for appellant.

(1) It was error to permit plaintiff to testify as to agent Adams' admission, after loss, that he had not canceled the policy sued on. An agent can not bind his principal by admissions as to a past act. 1 Rice on Evidence, p. 445, citing: *Hubbard v. Elmer*, 8 Wend. 446; *Ins. Co. v. Schroeder*, 29 Pac. Rep. 1078; *First Baptist Church v. Ins. Co.*, 28 N. Y. 153. (2) Such evidence was not admissible on the theory adopted by the court, i. e., for the purpose of impeaching witness

Adams, because no foundation was laid for it. (3) It can not be said that the court was not influenced by this evidence improperly admitted, for the reason that without it the notice of cancellation was clearly established by a preponderance of the evidence.

*Rechow & Pufahl* for respondent.

(1) There was no error in admission of the testimony of Rechow, Pufahl and Winn as to the statements made by Adams at the office of Mr. Rechow for the purpose of contradicting Mr. Adams, the foundation was properly laid. When the case is tried by the court without a jury, and there are no instructions asked or given, there is nothing to review, and the judgment should be affirmed. *Laumeir v. Gehner*, 110 Mo. 122; *Sebree v. Patterson*, 92 Mo. 459; *Mead v. Spaulding*, 94 Mo. 43; *Thies v. Garbe*, 88 Mo. 146; *Miller v. Breneke*, 83 Mo. 163; *Garrison v. Lyle*, 38 Mo. App. 566. There is an abundance of evidence upon which to base the verdict. Even if there had been notice of intention to cancel, the law contemplates reasonable notice.

SMITH, P. J.—This is a suit on a policy of fire insurance. There was a trial in the court below, which resulted in judgment for plaintiff and from which defendant has appealed.

The policy provided that it might be canceled by the company by giving notice to that effect to the assured. The evidence adduced by the defendant at the trial tended to prove that the company had, a few days previous to the fire, through its agent, Adams, given the assured notice of the cancellation of the policy. The plaintiff's evidence tended to prove that no such notice had been given him. The evidence was quite conflicting as to this material issue. On cross-

examination, the witness Adams, the agent of the company, was asked the question whether or not, on the day after the plaintiff's return from Kansas City (which was the day after the fire), in the office of the plaintiff in Bolivar, in the presence of plaintiffs Winn and Pufahl, he did not tell them that he did not consider that he had canceled plaintiff's policy, or that he had not done so, and to which he answered that he did not. The plaintiff, in his testimony, stated that in the conversation just referred to between Adams and himself, Adams had said that he (Adams) did not understand that he had canceled the policy in question.

The action of the court in permitting the plaintiff, over the objections of the defendant, to testify to the said statement made by the witness Adams to him, in the presence of Winn and Pufahl, is assigned as error. It is for this assigned error alone the defendant claims the judgment should be reversed. No other question is presented for our determination in the brief of the defendant.

The cause was tried by the court without the intervention of a jury. No instructions were asked or given. The only issue which the court was called upon to try, as appears from the record, was as to whether the policy had been canceled previous to the occurrence of the fire. As has already been indicated, the evidence on this issue was conflicting, and the finding thereon is conclusive on us.

As a witness, Adams had, in effect, testified as to the cancellation of the policy, and if he made contradictory statements in regard to such cancellation, it was proper to impeach him in the ordinary mode, as was done; but what he may have said to plaintiff and others as to not having made such cancellation could not be received against defendant as evidence of the truth of such statements, but only to show the charac-

ter of the witness, to enable the court to determine what credit he was entitled to as such. *Peck v. Ritchey*, 66 Mo. 114. The admission of evidence which is competent for any purpose is not error.

The statement by Adams that he had not given plaintiff notice of the cancellation, or had not canceled the policy, was not the only evidence of cancellation. There was ample independent evidence to warrant the finding of the court. If the action of the court, in admitting the plaintiff to testify to the contradictory statement of Adams, was error (which we do not think was the case) it was harmless.

The finding of the court was manifestly for the right party and must be affirmed. All concur.