OIL WELL SUPPLY COMPANY, Appellant, v. E. M. METCALF et al., Respondents.

Kansas City Court of Appeals, November 17, 1913.

1. **NEW TRIAL: Evidence.** When a new trial is granted and the party obtaining the verdict appeals, an appellate court will take the facts to be what the evidence in favor of such party tends to show them.

2. **PARTNERSHIP: Evidence.** Evidence that the parties charged as partners went to the plaintiff's place of business and stated that they were intending to organize a corporation, but until they did so, they would act as partners, and that one of their number would be their field manager and would purchase supplies of plaintiff; it was held, that this was evidence to justify a verdict that they were partners and were liable for supplies afterwards purchased.

3. **AGENCY: Evidence: Declarations.** One's declarations without more, that he is an agent for others is not competent against such others. But if the agency is established prima facie, by other testimony, then his declarations are admissible, and he is a competent witness in establishing a prima facie agency.

4. **PARTNERSHIP: Holding Out.** A partnership may be shown to exist in fact, or by a holding out as such and either instance will suffice to hold it liable for obligations incurred.

5. ———: **Fraud of One Partner.** Evidence that one of several partners induced them to enter the partnership by fraudulent misrepresentations is not admissible against a claim for goods purchased by such partner of one who did not know of the fraud.

6. **PLEADING: Partnership: Individual's Action.** A person having a demand against a partnership may, under the statute, sue any or all of the partners, and aver in his petition that the contract is that of the defendants and to prove this averment he may prove the contract was made for the partners through an agent, and that agent may be one of the partners.

7. ———: **Prima Facie Case: Declarations: Witness.** After evidence has been given establishing, prima facie, that a partnership exist, the declarations and admissions of one of the alleged partners is proper evidence; and such partner is a competent witness.

8. ———. A partnership bought goods of another through one of its members, and informed the seller that bills should be sent to the purchasing partner which he would approve and forward to the other partners who would pay the amount; it was held that this was not evidence that it was necessary that the seller must procure such approval before he had a right of action. It was merely a statement of a mode of payment.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas,* Judge.

REVERSED AND REMANDED *(with directions).*

*Frank Hagerman, E. E. Ball* and *Clyde Taylor* for appellant.

*Metcalf, Brady & Sherman* and *James H. Austin* for respondents.

ELLISON, P. J.—Plaintiff's action is on an account for goods, wares and merchandise sold to defendants. The verdict in the circuit court was for plaintiff; but afterwards that court sustained a mo-

tion for new trial on the ground of error in "giving improper instructions on behalf of plaintiff, and for failure to give proper instructions in behalf of defendants." Plaintiff thereupon appealed and seeks to have the verdict reinstated and judgment rendered thereon.

Preliminary to consideration of the case we will say that in stating the facts we will confine ourselves to what the evidence in plaintiff's behalf tends to prove them to be. We make this observation for the reason that defendants have made a lengthy statement of facts as the evidence in their behalf tended to prove them, without reference to the evidence in plaintiff's behalf.

One Ross had what is known as an oil lease on lands in Kansas and sought to develop it (in addition to what had already been done) by sinking oil wells and doing such other things as would bring it into profitable use. He came to Kansas City, Missouri, and interested the defendants in the project by selling them each an interest. They including Ross, were to form a corporation to be known as "The Happy Holler Oil and Gas Company," but in the meantime they were to proceed as partners; or, at least, they held themselves out to plaintiff as partners. They needed metal casings and joints and they went to plaintiff's establishment, where such articles were kept for sale and stated to the general manager that they would want to purchase supplies, that they intended to organize a corporation, but until they did they would be partners. They made arrangements with him to furnish supplies which they said would be bought by Ross whom they said was their field manager. That the bills should be sent him for articles purchased, which he would approve and send to defendants in Kansas City who would pay them. Afterwards they directed Ross to contract for the drilling of wells and supplies there-

for, who, in compliance therewith ordered the supplies making up the account in suit, and these were delivered by plaintiff. They were afterwards taken on an attachment writ for labor in drilling wells. There were seven of those parties but as service was had only on these four against whom the verdict was rendered we will consider them as the defendants, and they are the ones (Metcalf representing himself and Brady) who made the representations and arrangements above stated.

Undoubtedly the foregoing facts, if believed by a jury, are ample to sustain plaintiff's case; and we therefore turn attention to the action of the court during the progress of the trial to see if any thing transpired to justify it in setting aside the verdict.

It is asserted that Ross was not a competent witness to prove his own agency. That is an erroneous idea. One's agency cannot be shown, at second hand, by proving declarations he has been heard to make; but that he may testify to his own agency is no where questioned. [City v. Fisher, 60 Mo. App. 511; Christian v. Smith, 85 Mo. App. 117; Griswold v. Haas, 145 Mo. App. 578.]

And, as we shall see further on, the same may be said to the objection that Ross was not a competent witness to prove the partnership as against the other alleged partners.

We cannot understand the applicability of defendant's contention that the holding out of a partnership, when in fact there was none, will not avail a person seeking to charge such partnership unless he had knowledge of the holding out. The proof was abundant that the holding out was made directly to plaintiff's general manager. The statements made by defendants to the general manager as to there being a partnership, if true, established a partnership in fact. If they were not true, it established a partnership by a holding out as such. Either view will suffice to hold defendants.

Defendants contend that Ross inveigled them into the purchase of an interest in his lease by fraudulent misrepresentations and that the court erred in instructing the jury that that fact could not affect the plaintiff's right to recover. Manifestly the instruction was correct. The troubles between Ross and these defendants do not concern the plaintiff and Ross' misconduct (if any) should not be visited upon it.

Plaintiff's instruction number 3, omits any reference as to whether there was a partnership between defendants and Ross, but submits that if defendants told plaintiff's manager that Ross would represent them in purchasing articles and that Ross made such purchases, the verdict should be against those who made such statements to the manager. It is said that the petition only declares on a purchase by a partner for a partnership, whereas the instruction authorizes a recovery if the purchase was made by Ross as agent for individuals. The instruction was proper under our statute as it has been all along interpreted. In Gates v. Watson, 54 Mo. 585, it was said that "At common law, when part only of the members of a partnership were sued on a partnership contract, the partner sued might plead a nonjoinder of the other parties in abatement. But our statute makes all such contracts joint and several and a person having a demand against a partnership under our statute may sue any partner or all of the partners at his election. In such case he may aver that the contract sued on is the contract of the defendants; and to prove this averment, he may show that the contract was made by the parties sued through an agent authorized to make it for defendants; or, what is the same thing, he may show that the defendants and another were partners, and the contract was made by such partner for the benefit of the firm in the usual course of business." To the same effect is Crews v. Lackland, 67 Mo. 619.

It also is insisted that the defendants were preju-
diced by the court's action in modifying one of their
instructions so as to cut out a broad and express di-
rection to the jury that *no* declaration or act of Ross
as to the existence of a partnership should be consid-
ered unless such act or declaration was with the knowl-
edge and consent of the other alleged partners. No
error was committed in striking that out. It is true
you cannot prove that a partnership existed by the
acts and declarations of the alleged partner. But if
you first, make out a prima facie case, as was done
here, that a partnership exists it is then proper, in cor-
roboration, to show that he acted as such and stated
that he was. As already seen this is the rule as to
agency. [Peck v. Ritchey, 66 Mo. 114; State ex rel.
v. Henderson, 86 Mo. App. 482; Worth v. Ollis, 61 Mo.
App. 401.] And the rule that the act of one partner
binds the other springs from agency; and the rule gov-
erning the latter class, ought in this respect, to apply
to partners; and so it is held to be the law in partner-
ship cases. [Campbell v. Dent, 54 Mo. 325, 331; Clark
v. Huffaker, 26 Mo. 264; Bank v. Outhwaite, 50 Mo.
App. 130; Conlan v. Meade, 172 Ill. 13, 17; Alcott v.
Strong, 9 Cush. 323, 328; Phillips v. Parrington, 15
Maine, 425.]

The further point is made that under the evidence
the account for supplies, under the directions given
plaintiffs, must have been approved by Ross before it
became a debt of the defendants. This is not a proper
interpretation of the evidence. The accounts were to
be sent to Ross, evidently for his approval since he
was personally to make the purchases. The evidence
does not show that his approval was a requisite to the
existence of a valid claim of indebtedness against the
defendants. It was a matter between Ross and the
defendants and afforded the latter the means of know-
ing when to make payments. Certainly goods should
not be confiscated by a partnership because one of the

partners who made the purchase failed to certify, for the convenience of his copartners in paying his and their debt, that the account was correct.

There were some other suggestions in behalf of defendants, but we think nothing to justify a new trial. The judgment will therefore be reversed and the cause remanded with directions to enter judgment on the verdict. All concur.