EDWARD HELY, Appellant, v. J. H. HINERMAN, W.
W. COFFMAN, H. M. SMITH and C. D. COPE, a
Co-partnership, Doing Business Under the Firm and
Style Name of HINRERMAN CONSTRUCTION
COMPANY, Defendants; H. M. SMITH, Respond-
ent.

Springfield Court of Appeals, January 14, 1922.

1. **EVIDENCE: Testimony that Person was a Member of a Part-
nership Held a Legal Conclusion.** In action on a partnership
obligation involving issue whether one of the defendants was a
member of the firm, rejection of testimony of one of the partners
that such defendant was a member of the partnership *held*
proper; the testimony being the statement of legal conclusion.

2. **TRIAL: Refusal of Precautionary Instructions not Reversible
Error.** Refusal of precautionary instructions resting largely in
the discretion of the trial court, *held* not reversible error.

3. **PARTNERSHIP: Partner's Declarations Inadmissible to Corrobo-
rate His Testimony as to Other Defendant Being a Member of
the Firm.** In action on a partnership obligation involving issue
as to whether one of the defendants was a member of the firm
in which the evidence on such issue was conflicting, testimony
as to declarations of one of the partners as to such defendant
being a partner, not made in the presence of such defendant, nor
subsequently ratified by him, *held* not admissible to corroborate
such partner's testimony establishing prima-facie case that such
defendant was a partner.

Appeal from Circuit Court of Greene County.—*Hon.
Guy D. Kirby*, Judge.

AFFIRMED AND CERTIFIED TO SUPREME COURT.

*Ward & Reeves* and *V. O. Coltrane* for appellant.

(1) We understand that it is conceded in this case
that the same rules of evidence with reference to the
competency of statements made by an agent is appli-
cable to statements made by partners, because, in law,

each partner is the agent of the other. We concede that there must be some independent testimony of agency or of partnership, as the case may be, before the statements or declarations of the agent or partner becomes competent evidence against the principal or other partner, as the case may be. But when there is independent evidence of agency, that is, evidence other than that of the acts and declarations of the alleged agent, then the acts and declarations of the agent are competent, including the declarations that he was acting as agent in the particular transaction. Most of the authorities, including those from Missouri, make such declarations or statements competent in corroboration. Werth v. Ollis, 61 Mo. App. 401; Union Bank v. Wheat, 58 Mo. App. 11; Hill Bros. v. Bank of Seneca, 100 Mo. App. 230; Stave Co. v. Railway, 119 Mo. App. 502; Stenson v. Landcaster, 178 Mo. App. 346; Smith v. O'Briant, 181 S. W. 123; Sumner v. Saunders, 51 Mo. 89; Peck v. Richie, 66 Mo. 114; 31 Cyc. 1655; 2 C. J., page 939; 2 Wigmore on Evidence, sec. 1078; State ex rel. v. Henderson, 86 Mo. App. 490; Woodin v. Leach, 186 Mo. App. 278; Clark v. Admr., 26 Mo. 264; Meirs v. Buchter, 197 Mo. 68; Bergman v. Railway, 104 Mo. 77. (a) The same rule which makes the acts and declarations of an agent competent against his principal, likewise makes the acts and declarations of one partner evidence against another partner when such acts and declarations are in reference to matters connected with the partnership business. So, when there is independent evidence of the partnership relation, then the statements and declarations of one of the alleged partners are always received in evidence against the others. Some of the authorities place the competency of such testimony upon the ground of *res gestae,* some upon the ground of verbal acts, and still others upon the ground of *corroboration;* but without regard to the reason of such admissions, such statements are nevertheless universally held to be competent. Campbell v. Dent, 54 Mo. 331; Rainwater v. Burr, 55 Mo. App. 468; Supply Co. v. Metcalf, 174 Mo.

App. 560; Willoughby v. Hildreth, 182 Mo. App. 93; Huyssen v. Lawson et al., 90 Mo. App. 87; Kadie v. Kyle, 47 Mo. 345; 16 Cyc. 1031; 2 Modern Law of Partnership (Rowley), sec. 889, p. 1244; 2 Wigmore on Evidence, sec. 1078; 1 Greenleaf on Evidence (15 Ed.), sec. 112; (See note under this section); Greenleaf on Evidence, art. 177; Conlan v. Mead, 172 Ill. 13, 49 N. E. 720; Hunes v. O'Brian, 74 Ala. 64; Hilton v. McDowell, 87 N. C. 364; 2 C. J., 939.

*Sam M. Wear* and *Lewis Luster* for respondent.

(1) The court did not commit error in refusing to permit J. H. Hinerman to testify that H. M. Smith was a "partner" in the Hinerman Construction Company. Or when he became a member of the "partnership" or if he was a member of the "partnership" when he signed a certain note, or in sustaining objections to any testimony along this line. Such testimony calls for mere legal conclusions and has no probative force in establishing the fact of partnership. Graft Distilling Co. v. Wilson, 172 Mo. App. 612; Ellis v. Brand, 176 Mo. App. 390; Wittling v. Schreiber, 202 S. W. 418; Brandon v. Distilling Co., 52 So. 641. (2) It was not error for the court to refuse to admit the letters, Exhibit "D" and "C." By all the rules these letters are incompetent. The case was dismissed as to Cope. So they were not competent as admissions against him. They were also incompetent because "hearsay" and because calling for legal conclusions. See authorities under Point 1; Rimel v. Hayes, 83 Mo. 200; Burt Zaiser v. Claussen, 208 Ill. App. 378; Smith v. Hulett, 65 Ill. 495. (3) The court did not err in refusing to permit certain witnesses to testify that Hinerman (or Cope) stated to them that Smith was a partner or had agreed to go into the partnership, and the offer made by appellant (app. abs. p. 35) was properly rejected by the court. These declarations as offered called for mere legal conclusions (See authorities under Point 1). Hearsay declarations of an alleged partner are not competent or admissible to

prove the partnership as against another. Chamber-
laine v. Fisher, 75 N. W. 931; Bank v. Leland, 25 So.
195; Dowzelot Co. v. Rawlins, 58 Mo. 77; Plumbing Co.
v. Dittmer, 223 S. W. 818; Hardware Co. v. Williams,
154 Mo. App. 725; Robbins v. Ward, 111 Mass. 244;
Shaw v. Jones, 66 S. E. 240; Graham v. Swann, 147
S. W. 11; 2 Clement-Bates on Partnership, sec. 1151;
Mecham on Agency, sec. 100; 30 Cyc. 409. (4) Such
declarations of an alleged partnership, testified to by
another, are not admissible to prove partnership, even
after the partnership is otherwise prima facie established
by competent evidence, ''A thing cannot be evidence
to corroborate which is not evidence of itself.'' Rimel
v. Hays, 83 Mo. 200; Filley v. McHenry, 71 Mo. 417;
Smith v. Hulet, 65 Ill. 495; Gardner v. N. W. M. Co.,
52 Ill. 367; Pierce Oil Co. v. Zinc Co., 98 Mo., App. 329;
Bank v. Hall, 93 S. E. 981; Bank v. Dewitt, 31 P. 744;
Henry v. Willard, 73 N. C. 35-42; Robins v. Willard, 6
Pick 464; Walle v. Brown, 4 Wharton 365. (5) Such
declarations offered simply to prove partnership or in
further proof of partnership are to be distinguished
from declaration offered after the partnership is estab-
lished, which are in fact part of the *res gestae* verbal
acts, or declarations which show that at the time he
was doing the thing, such as buying the goods or making
the contract, the party was acting for the partnership.
Henry v. Willard, 73 N. C. 35-42; Dowzelot v. Rawlins,
58 Mo. App. 77; Robbins v. Ward, 111 Mass. 244. (6)
The instructions Nos. 4 and 5 offered by the plaintiff
were properly refused by the court. See argument.
Farris and Rosekopf Instructions to Juries, sec. 73;
Wiedeman v. Tobacco Co., 165 S. W. 1105. (7) The
instructions Nos. B and C given at request of defendant
correctly declared the law, and presented the case prop-
erly under the pleading, and evidence and followed
the same theory as plaintiffs given instructions. See
argument and authorities cited thereunder.

FARRINGTON, J.—The plaintiff brought suit to
recover the material which he alleged was sold to the

Hinerman Construction Company, a concern engaged in the paving business, and at the time these goods were sold was operating in paving streets in Caruthersville, Missouri. It is admitted that Hinerman, Coffman and Cope were members of the firm of Hinerman Construction Company.

The principal issue in this case, touching both questions of fact and law, was whether H. M. Smith, the respondent here, was a member of the firm of Hinerman Construction Company. The cause was tried in the circuit court of Greene county and a judgment rendered in favor of Smith, and it is from this judgment that the appeal is brought here.

The assignments made in the brief go to questions of error concerning the exclusion and admissibility of testimony, the giving and refusing of instructions, and particularly the exclusion of testimony which consisted of acts and declarations and admissions of one Hinerman, who was the active member of the firm of Hinerman Construction Company, engaged in paving the streets of Caruthersville, and the man who had the dealings with the plaintiff here concerning the materials which were bought for the Hinerman Construction Company.

We are convinced that the trial court committed no error in this case, but concede that the question of law which we will discuss in this opinion, is a close question, upon which there is a division of authorities not only in this State but in other jurisdictions. That other matters may be disposed of before touching that question, we are convinced that there was no error in refusing to permit J. H. Hinerman to testify that H. M. Smith was a partner in the Hinerman Construction Company, or when he became a member of the partnership, or if he was a member of the partnership when he signed the note. Rejecting such testimony at most would not be reversible error and the action of the court can be upheld on the ground that it called for legal conclusions. [See Ellis v. Brand, 176 Mo. App. 383, 158 S. W. 705.]

The instructions given in the case fairly present the issues to be determined. We find no reversible error

in the instructions given on behalf of Smith. They merely tell the jury that in order that Smith be held they must find that he became a partner and became liable for material which was purchased by the Hinerman Construction Company after he came into the firm, the theory of plaintiff being that Smith was not originally a member of the firm but came in some time after it had been operating.

Appellant's two instructions which were refused and about which complaint is made, were merely precautionary instructions, resting largely in the discretion of the trial court, the refusal of which would not constitute reversible error. [Wiedeman v. St. Louis Taxicab Co., 182 Mo. App. 530, 165 S. W. 1106.]

This brings us to the principal point at issue. The appellant contends that the trial court erred in excluding testimony offered by him in the nature of admissions and declarations made by Hinerman, of the firm of Hinerman Construction Co., which declarations and admissions were made at the time the goods were purchased from plaintiff, and tended to show that Smith, respondent here, had become a member of the firm of Hinerman Construction Company and was a full partner therein. It will be borne in mind in dealing with this question that there is no contention but what the Hinerman Construction Company was a partnership and that Hinerman was one of the partners, with full authority to act for it. Neither is there any contention made that the partnership of Hinerman Construction Company purchased the material from the plaintiff and is indebted to the plaintiff for such sum. The only question concerning this issue was whether or not a partnership existed in which H. M. Smith was a member, that is to say, the question is on the existence of the alleged partnership between Hinerman, Coffman, Cope and Smith.

To sustain the issue that Smith was a member of this firm at the time the goods were purchased from plaintiff, the plaintiff's testimony tended to show that originally a firm composed of Hinerman, Coffman and Cope

was formed under the name of Hinerman Construction Company, and, as stated before, this is admitted by all the parties. Hinerman's testimony in this cause affirmatively shows that Smith came in to the firm of Hinerman Construction Company as a partner to receive profits and bear losses and to share equally with the other partners in the partnership venture. This was the only direct testimony of an affirmative character which showed that Smith was a member of the firm. On the other hand, Smith and Coffman testified positively that Smith never became a member of the partnership, and that such dealings as he had with the partnership were merely done to accommodate the partnership, one member of which firm was Coffman, who was associated with Smith in the banking business. The case then stands in this wise: There is direct testimony offered by plaintiff that Smith was a member of the partnership at the time plaintiff sold the goods to the Hinerman Construction Company, or as some courts put it, the plaintiff had made a prima-facie case of the partnership alleged; the defendant's testimony flatly denied such relation. Now, the appellant contends, that under the authorities, he having introduced evidence of a direct character which made a prima-facie case of the existence of a partnership between Smith and others, he was then entitled to introduce in evidence the declarations and admissions of Hinerman, who was acting for the Hinerman Construction Company at the time the goods were bought, which tended to show that Smith was a partner. In other words, plaintiff sought to show by various witnesses that Hinerman came to them at the time the goods were being purchased and told them that H. M. Smith, of Springfield, Missouri, had come into the partnership and was then a member of the firm. The theory of appellant is that having put in evidence of an affirmative character making a prima-facie case of the existence of a partnership, he was then entitled to bolster up and corroborate Hinerman's testimony to that effect by showing the declarations which had been made by Hinerman to plaintiff and other parties

when the goods were bought. To sustain this contention, the appellant undoubtedly has one authority in Missouri directly in point, and with which we are not willing to agree, and that is the case of Oil Well Supply Co. v. Metcalf, 174 Mo. App. 555, 160 S. W. 897. In that case the Kansas City Court of Appeals upheld the modification of an instruction so as to cut out a direction to the jury that no declaration or act of Ross as to the existence of a partnership should be considered unless such act or declaration was within the knowledge or consent of the other alleged partners, and the court said it is true you cannot prove that a partnership existed by the acts and declarations of the alleged partner, "but if you first make out a prima-facie case, as was done here, that a partnership exists it is then proper, in corroboration, to show that he acted as such and stated that he was." The cases cited to support that statement we will hereafter notice in this opinion.

One other case relied on by appellant to sustain his contention is that of Willoughby v. Hildreth, 182 Mo. App. 80, 167 S. W. 639, a case disposed of in this court by the writer of this opinion, wherein we quoted (page 93) with approval the language of the Metcalf case (174 Mo. App. 555, 160 S. W. 897). In the Willoughby case, which we were determining, what was said was *obiter dictum*, as the case shows clearly that the case turned on the question of whether plaintiff there had made out a prima-facie case, and we found that no such evidence existed in that record, and then followed the statement, as shown in the opinion, that acts and declarations would not be permitted to show the existence of a partnership except in corroboration of a prima-facie case first made. We do not believe that the ruling as stated in the Metcalf case is supported by the best authorities and does not stand the test of reason.

The general rule of law laid down concerning declarations and admissions of partners and agents is that admissions of a partnership's existence by one partner

cannot be given in evidence against an alleged partner unless made in the latter's presence, or unless the latter authorized or assented to the admission or had adopted or ratified it. [See 30 Cyc. 409. See, also, 2 Clement Bates on Partnership, sec. 1151.]

Greenleaf on Evidence, vol. 1, sec. 177, lays down the rule that where it is sought to charge several partners, an admission of the fact of partnership of one is not receivable in evidence against another to *prove the partnership* .(Italics ours). It is only after the partnership is shown to exist by proof satisfactory to the judge that the admissions of one of the parties is received in order to affect the others.

Wigmore on Evidence, vol. 2, sec. 1078, observes that it may be noted that the fact of agency must of course be somehow evidenced before the alleged agent's declarations can be received as admissions; and therefore the use of the alleged agent's assertions that he is agent would for that purpose be inadmissible, as merely begging the very question. Nevertheless, they might be received provisionally as verbal acts indicating that he was acting on another's behalf, not his own, leaving it to subsequent proof to establish his connection as agent with the present party.

We understand that language to mean that where a partner or an agent has made certain admissions or declarations tending to bind a partnership or a principal, such declarations may be used to show that he was acting for the principal or partnership, but not for the purpose of showing the existence of the relation. Applying that to this particular case, there was no controversy about whether the Hinerman Construction Company bought these goods from the plaintiff nor was there any controversy about whether Hinerman was acting for the Hinerman Construction Company. His admissions and declarations are verbal acts tending to show he was acting for the Hinerman Construction Company, but that does not mean that his admissions and declarations can be used to establish the existence

of the very thing that is on trial before the jury, which is whether a partnership existed known as the Hinerman Construction Company in which H. M. Smith was one of the partners.

We believe that the Supreme Court of this State in some early cases laid down the correct rule and that no decision of that court has changed that rule. The case of Filley v. McHenry, 71 Mo. 417, was where the existence of a co-partnership was expressly denied; and that court held that the admission and statements of Foy to prove that McHenry was a partner were inad- missible as against McHenry where made in his absence and without any ratification of his being shown. The letter, as shown in that opinion, was subject to two con- structions, one construction being that McHenry had admitted that he was a partner, and the other that he was not a partner. He was permitted to give his con- struction of the letter. There was, therefore, in that case what the court considered substantial testimony for and against the fact of McHenry being a partner, and the court held that the evidence of Foy's statements was offered and admitted not for the sole purpose of showing that an established partnership had assumed the debt but to establish the existence of the partner- ship, and that as there was a conflict of evidence on that issue it could not be assumed that the error of admitting Foy's admissions did not work a prejudice on McHenry. That case, to our minds, clearly holds that even though there is substantial testimony making a prima-facie case of the existence of a partnership, the acts, declarations and admissions of one claiming to be a partner, made in the absence of another, cannot be used to bolster up and corroborate the prima-facie case made.

The case of Rimel v. Hayes, 83 Mo. 200, clearly holds that declarations of a partner are inadmissible to prove a partnership even after the admission of this evidence tending to prove the partnership. In that case the court stated that there was much evidence offered *pro* and *con* touching the issue. That court refers to

and approves the case of Smith v. Hulett, 65 Ill. 495. In that case in the course of the opinion it is stated that a large amount of testimony was produced to establish the existence of a partnership yet the case was reversed and remanded, because although there was much testimony tending to prove the existence of a partnrship, the trial court permitted the declarations of one of the partners to bind the others. The Supreme Court of Illinois reversed the judgment on that account.

In the case of Wolle v. Brown, 4 Wharton's Reports (Penn.) 364, in dealing with this question, the court puts the matter in this wise:

"The declarations of one of the alleged partners were received as corroborative evidence of the partnership; and the first thing that strikes us in regard to it, is an idea that it was received as evidence of a fact, which it was necessary to establish, in the first instance, in order to make way for it; for which, according to Griffin v. Redford, 1 Rawle, 197, and Quinn v. Crowell, decided at this term, it was incompetent. If the existence of the partnership be authority for its introduction, the fact must first be proved by independent evidence. It it be not so proved, it stands as if no evidence were given of it; for evidence short of proof, leaves the matter where it found it; and if the fact be already established, the evidence of it needs no corroboration. I am unable to conceive how a thing can be evidence to corroborate which is not evidence of itself. If it conduce, in any degree, to proof of the fact, I see no reason why it should not be permitted to do so singlehanded; for the competency of evidence depends not on the intensity of its force; and if it do not so conduce, I know not how it can corroborate any precedent evidence of it."

Appellant cites us to Rowley on Modern Law of Partnership, vol. 2, sec. 889, wherein the text is as follows:

"Where the existence of a partnership is denied, and there is no evidence of its existence, the statement

of a partner binds no one but himself, but this rule has no application where there is other testimony establishing the existence of a partnership. And if the existence of the alleged partnership be prima facie established by evidence other than such declarations, then the acts, declarations and admissions of each may be proven to strengthen such prima facie case.

A number of cases are cited to uphold this rule, including from Missouri. Willoughby v. Hildreth, 182 Mo. App. 80, 167 S. W. 639, and the Metcalf case (174 Mo. App. 555, 160 S. W. 897.)

We do not think that Greenleaf on Evidence, art. 177, supports the appellant's contention, as that holds that is is only after the partnership is shown to exist by proof satisfactory to the judge that the admission of one of the parties is received in order to affect the others. This does not hold that is received for the purpose of establishing the existence of the partnership with reference to the others.

Appellant is supported in his contention by the case of Conlan v. Mead, 172 Ill. 13, 49 N. E. 720.

Appellant cites us to 2 Corpus Juris, page 939, under the head of agency. We do not, however, believe that the text there bears out appellant's contention when the whole paragraph is read. It is true that it says if the agency is otherwise prima facie proved, the declarations of an agent become admissible in corroboration, where they constitute a part of the *res gestae* and were made at the time of the transaction in question. The following, however, we think is explanatory of that statement: "Thus, where the agency has been established by independent evidence, the declarations of the agent are competent to show that he acted as agent and not on his individual account, or to show the nature and extent of his authority." This is far from saying that his declarations are admitted to prove the existence of the relationship of principal and agent where that relationship is denied and is in issue.

We will now turn to some cases cited in the Metcalf case (174 Mo. App. 555, 160 S. W. 897) in support

of the rule there laid down on page 560. The first cited is that of Peck v. Ritchey, 66 Mo. 114. That case holds that the declarations of a partner who assumes to act as agent of another are not admissible to establish the agency, but that it is well settled that after the party alleging the agency has made a prima-facie case of agent against the principal, any declarations made by the agent in the prosecution of, and relative to the business contemplated by such agency, are admissible against the principal. In this case, we think the court makes clear its meaning when it says until (speaking of the relationship) this is established, admissions are not admissible against the principal himself, .that is to say, as we view it, such admissions may be introduced after the existence of the relation of agency or partnership is shown to exist; not for the purpose of strengthening the evidence which shows such existence, but for the purpose of showing the party making the admissions was acting in the scope of the relation which the jury might find from other evidence existed.

We do not construe the opinion in Werth v. Ollis, 61 Mo. App., 400, as holding that the declarations of an agent are admissible to prove the relationship of agency.

We have read carefully appellant's cases of Union Bank v. Wheat, 58 Mo. App. 11; Hill Bros. v. Bank of Seneca, 100 Mo. App. 230, 73 S. W. 307; Hoffman Heading & Stave Co. v. Railroad, 119 Mo. App. 495, 94 S. W. 597; Stenson v. Lancaster, 178 Mo. App. 340, 165 S. W. 1158; Smith v. O'Briant, 181 S. W. (Mo. App.) 123, and other cases, and we do not think they will bear out the contention that the admissions and declarations of an agent are ever admitted against an alleged partner, when made in his absence, to prove the existence of the denied partnership. While the courts are somewhat loose in their expressions, it will be found on running through most of the cases that in speaking of corroborative proof, and in cases in which they have held that the testimony was competent, it was not admitted for the purpose of corroborating the existence

of the relation, but for the purpose of showing that the party making the declarations was acting for a partnership of which there was evidence of existence, or for a principal concerning which there was evidence of the relation of principal and agent.

The injustice of the rule contended for by appellant is made very manifest in this record before us. Here we have two men swearing before a jury, one testifying that no relation of partnership existed, and the other testifying that it did exist. The plaintiff then putting on the stand witnesses to prove that one of these witnesses, who is before the jury, was heard to say at some former time the same thing that he is testifying to. After all, such admissions and declarations as were undertaken to be proven in this case, as made by Hinerman, could rise no higher than the source from which they emanated, that is Hinerman; and there he was, the source of that evidence, before the jury testifying to the fact in issue. If the rule contended for, that these admissions are competent, then why go to the various men who heard them in order to prove them? There is Hinerman on the stand, swearing to the partnership, and in corroboration of his testimony why not permit him to testify to the admissions which he himself has made to various parties before? If it is competent for some one else to testify as to what Hinerman had said on a former occasion, it would certainly be competent for Hinerman, the man who made the admissions and declarations, to swear to them. To permit such a rule would, in our judgment, in a case like this, open wide the door to fraud. For instance, if a firm perchance should get into financial straits, then one member of that firm could go out, in the absence of some solvent man and without his knowledge, and spread broadcast through the land that this solvent man had become a partner with him; then when that issue became a trial in court, he would take the stand again and repeat to the jury what he had told those from whom he was buying goods, and to bolster up his case and strengthen his testimony, he

could then bring in an overwhelming amount of testimony to show that he had said the same thing on former occasions, which the jury must consider as evidence tending to corroborate his testimony on the stand. We do not believe that this is good law.

In the end, the admissions and declarations are nothing more than what he at some former time said existed, and here he is on the stand, testifying under oath again that the relation existed; and to help sustain that testimony, his former statements, made without the sanctity of an oath, are put before the jury. This can be nothing more than hearsay testimony, and is certainly incompetent for the purpose for which it was offered, that is, to prove the existence of a firm in which H. M. Smith was a partner.

It is the judgment of this court that any statements made in the cases of Smith v. O'Briant, 181 S. W. 123, Willoughby v. Hildreth, 182 Mo. App. 80, 167 S. W. 639, which might be construed that the acts and declarations of a partner or an agent, made in the absence of an alleged partner or an alleged principal, are competent to prove the existence of the relation, are hereby disapproved.

We are of the opinion that the trial court committed no error in refusing to permit this testimony to go in and that the judgment should be affirmed. This rule, however, being in conflict with the decision in the case of Oil Well Supply Co. v. Metcalf, 174 Mo. App. 555, 160 S. W. 897, rendered by the Kansas City Court of Appeals, it is necessary for us, under the constitutional provision, to certify this cause to the Supreme Court for final determination. It is so ordered.

*Cox, P. J.,* and *Bradley, J.,* concur.